188 So.2d 508 (1966)
Wilmer NASH et al., Plaintiffs-Appellants,
v.
RAPIDES PARISH SCHOOL BOARD and Pilot Life Insurance Company, Defendants-Appellees.
No. 1730.
Court of Appeal of Louisiana, Third Circuit.
July 1, 1966.
C. O. Brown, Alexandria, for plaintiffs-appellants.
F. Jean Pharis, Alexandria, for defendants-appellees.
Before FRUGE, SAVOY and HOOD, JJ.
FRUGE, Judge.
This is a tort action whereby plaintiff, Wilmer Nash, is suing the Rapides Parish School Board and its insurer, Pilot Life Insurance Company, for damages for the personal injuries sustained by his minor son, Wilmer Nash, Jr.
The lower court found there was no evidence to sustain the plea of negligence on the part of the Rapides Parish School Board and rejected plaintiff's demands, and from this judgment plaintiff has perfected this appeal.
The record reveals that plaintiff's minor son, while a student at Kelso Elementary School in Pineville, Louisiana, was injured on two occasions while on the school grounds.
*509 The first incident occurred on March 29, 1957, after school hours when plaintiff's minor son was waiting with a group of fellow students for the school bus to be taken home. According to the testimony of Wilmer Nash, Jr., and other students, Wilmer Nash, Jr. was playing with or teasing a little girl when another girl struck him in the eye with a stick. Due to this injury plaintiff's son's left eye was subsequently removed. The second incident occurred several months later, but on appeal no serious issue is raised as to it.
Plaintiff's charge of negligence on the part of the Rapides Parish School Board, its agents, teachers and employees, is that it failed to provide adequate supervision of the school children on the school grounds after school had let out.
There can be no argument that the School Board, through its agents and teachers, is required to provide supervision while school children are awaiting their school bus. However, in order to recover under Article 2320, which provides:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
"Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
"In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
there must be proof of a causal connection between the lack of supervision and the cause of the accident. As was said in Bourgeois v. The Indemnity Insurance Company of North America, La.App., 60 So.2d 718:
"In the first place, we have no doubt at all that there can be no liability in such situation unless there is fault on the part of the person whose act results in the damage. Article 2320, and in fact the articles which follow Article 2315, do not create liability without fault. All of those articles are to be read together with Article 2315. This was held in Johnson v. Butterworth, 180 La. 586, 157 So. 121. Assuming for the moment, however, that there was fault on the part of the student or students who moved the bench, there are, nevertheless, other serious legal obstacles in the path of plaintiffs.
"We are not at all sure that it was intended by the redactors of our present Civil Code that a `teacher' or a school, as our schools are conducted today, should be held liable for the torts of the pupils, unless, of course, the tort should be committed in the immediate presence of the teacher and under circumstances which would warrant the conclusion that the failure of the teacher to prevent the act was so wanton as to amount almost to a deliberate act on the part of the teacher."
Plaintiff's able counsel strongly argues that James Pierce, the school bus driver, was negligent in not taking Wilmer Nash, Jr., immediately to a hospital once he learned that the boy was injured. The record reveals some conflict in the testimony on this point in that witnesses for the plaintiff testified that James Pierce was told of the injury but did nothing about it. Pierce testified he was not told directly but heard some children on his bus talking about the fact that the Nash boy had been "hit" in the eye. He further testified that when he first heard of the accident he was "nearly about to her [Mrs. Nash's] home" and, not realizing how serious the eye injury was, thought the best procedure would be to get the young boy home to his mother.
We must conclude from the facts and circumstances that James Pierce was not *510 derelict in his duty to the Nash boy, for it is clear that he did not fully appreciate the seriousness of the injury and he, in good faith, with the limited knowledge he had at the time, was correct in taking the boy home.
The record is void of proof that the plaintiff, by a preponderance of the evidence, has proven that the School Board, any of its agents, teachers or employees, could have prevented the injuries even if they had been next to plaintiff's son or standing next to the child who struck him in the eye with the stick. Even if no teachers were on duty, it could still not be said that plaintiff had shown that there was any proximate cause whatsoever between a lack or absence of supervision and the alleged accidents. No one can predict what the actions of children of eight or nine years of age will be while playing on a school-ground. How could any teacher anticipate a situation where one child, while teasing another child, would be struck in the eye with a stick by a third child? Even if such action could have been anticipated, there is no showing of any likelihood whatsoever that such action could have been prevented by a teacher or supervisor even if said teacher or supervisor was standing right there. As is often the case, accidents such as this, involving school children at play, happen so quickly that unless there was direct supervision of every child (which we recognize as being impossible), the accident can be said to be almost impossible to prevent.
It is the holding of this court that the plaintiff has failed to show that there was a dereliction of duty by the school teachers or bus driver, and likewise has failed to show that there was any causal connection between the alleged dereliction and the accidents which were the basis of this action. Therefore, the judgment of the district court is affirmed, cost of this appeal to be paid by the appellant.
Affirmed.