351 So.2d 265 (1977)
Joseph Marshall PRIER, Individually, and as Administrator of the Estate of Van Prier, Plaintiff-Appellant,
v.
HORACE MANN INSURANCE COMPANY, Defendant-Appellant,
and
The Avoyelles Parish School Board, Defendant-Appellee.
No. 6093.
Court of Appeal of Louisiana, Third Circuit.
October 17, 1977.
Rehearing Denied November 10, 1977.
Writs Refused December 14, 1977.
*266 Riddle, Bennett & Ryland by John T. Bennett, Marksville, for plaintiff-appellant.
Bolen, Halcomb, Bolton & Erwin, James A. Bolen, Jr., Alexandria, Knoll & Knoll by Jerold E. Knoll, Marksville, for defendant-appellee.
Before HOOD, DOMENGEAUX and WATSON, JJ.
HOOD, Judge.
Joseph Marshall Prier, individually and as administrator of the estate of his minor son, Van Prier, seeks damages for personal injuries sustained by young Prier as the result of an explosion which occurred on the grounds of the Mansura High School, in Avoyelles Parish. The defendants are the Avoyelles Parish School Board and Horace Mann Insurance Company, the latter being the insurer of the principal and teachers at that school. The defendant insurance company filed a third party demand against the School Board.
The trial judge rendered judgment in favor of defendants, rejecting plaintiff's demands. Plaintiff appealed. Horace Mann Insurance Company also appealed to protect its rights under its third party demand.
*267 The issues presented are whether plaintiff is entitled to recover damages from defendants either under Article 2320 or under Article 2317 of the Louisiana Civil Code.
The accident occurred on April 28, 1976. Van Prier was eleven years of age and was in the sixth grade of the Mansura High School at that time. The school consisted of classes which ranged from kindergarten through the twelfth grade.
At about 3:00 P.M. on the above date, Van was asked by his teacher, Valery Joseph Bernard, to take a waste paper basket from the classroom and to empty it into a trash burner which was located in the rear part of the school grounds. Van proceeded to comply with that request, but while he was dumping the contents of the wastebasket into the trash burner something in the burner exploded causing him to sustain injuries which consisted mainly of burns on his arm and face.
The property on which the trash burner was located was owned by defendant, Avoyelles Parish School Board. The principal of and the teachers at the Mansura High School were employees of the school board. The accident occurred during school hours.
The trash burner consisted of four metal posts driven into the ground, with wire netting stretched around those posts. It was three or four feet high and measured from four to eight feet on each side. The burner was located in the extreme southeast corner of the school grounds, near a public street, in an area which was not designated as a playground area, and in a part of the school grounds where children normally do not play. We agree with the trial judge that the trash burner was not defective in any way.
Ordinarily, only burnable trash, such as paper, was put into the burner. Cans and other non-burnable items were placed in separate containers, consisting of barrels, and were picked up and hauled away later. The burnable trash which was put into the burner was ignited or burned by the janitors twice a day, about 7:00 A.M. and at noon. A period of from 15 to 20 minutes was required to complete the burning of the trash, and the janitors remained at the burner on each occasion after they lighted a fire until all of the trash was burned. Usually there was no fire in the burner around 3:00 o'clock in the afternoon. The ashes which collected in the burner were removed from it two or three times each year.
Despite the fact that cans usually were placed in separate containers, two janitors testified that they found cans in the burner occasionally. They stated that when that occurred they immediately removed the cans from the burner and placed them in the separate containers which were maintained for that type of trash. The evidence shows that some residences were located within 100 to 150 feet from the trash burner. Cans and other non-burnable items thus could have been put in the burner by the occupants of those houses, rather than by students or school employees.
After the above accident occurred, a "busted" can was found on the ashes in the trash burner. The can obviously had been in a fire, and it was impossible to determine from the evidence whether it was an aerosol can or what the contents of the can had been. The fact that it was "busted," however, indicates that the can had exploded. We conclude, as did the trial judge, that a can of some kind was in the trash burner when young Prier started to empty trash into it, that the can exploded and that the injuries sustained by the boy were caused by that explosion.
Just a few minutes before the accident occurred another student, Lester Lavalais, emptied the contents of a wastebasket into the trash burner. Lavalais testified that there were no cans in the wastebasket which he emptied, and that he did not see any cans in the burner when he put trash in it. Young Prier testified that he did not see a can in the burner before he began emptying trash into it, and apparently no one else saw a can in the burner before the explosion occurred. The evidence convinces us that no cans were used in any of the classrooms of the school on the day of the accident, or shortly prior thereto.
*268 It is obvious, we believe, that the can which later exploded was placed in the trash burner before Lavalais or Prier emptied wastebaskets in it. The evidence does not show how or when the can was placed in the burner, or who put it there, or why no one saw a can in the burner before the explosion occurred. We agree with the trial judge that the evidence fails to establish that the can which exploded was put in the trash burner by a student at the Mansura school, or by the principal, a teacher or a school board employee at that school. The evidence also fails to show that any school official or employee knew that a can was in the burner as plaintiff's son approached it.
Although there usually was no fire or blaze in the trash burner at any time after the noon hour, we find that there was a small flame or blaze in it immediately prior to and at the time of the accident.
It had been a practice for many years in practically all schools in Avoyelles Parish for teachers to permit students to take wastebaskets from their classrooms and to empty them in trash burners. The students liked to perform that chore, and they were permitted to do so as a reward for good conduct and as training for cleanliness. That practice had been followed at the Mansura High School for almost 40 years, and no accident of any kind ever occurred arising out of the use of the burner, until young Prier was injured on April 28, 1976.
The trial judge concluded that there was no negligence on the part of the school board, or on the part of the principal, teachers and school employees of the Mansura High School, and that plaintiff thus is not entitled to recover from defendants.
Plaintiff contends that the trial court erred. He takes the position primarily that the school board, and the principal and teachers at the Mansura school, owed a duty to provide his son with adequate and qualified supervision, that they breached that duty with the result that his son sustained injuries, and that he thus is entitled to recover damages from defendants under LSA-C.C. art. 2320. The cited article provides:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
"Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
"In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
Our jurisprudence is settled that a school board is not the insurer of the lives or safety of children. School teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It also is essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between that lack of supervision and the accident. Whitfield v. East Baton Rouge Parish School Board, 43 So.2d 47 (La.App. 1st Cir. 1949); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3rd Cir. 1966); Station v. Travelers Insurance Company, 292 So.2d 289 (La.App. 1st Cir. 1974); Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir. 1975); Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir. 1977); Richard v. St. Landry Parish School Board, 344 So.2d 1116 (La.App. 3rd Cir. 1977).
In Whitfield, supra, where the court rejected plaintiff's claim for damages for the death of his seven-year-old child by drowning *269 in a drainage ditch which adjoined the school, the court said:
"Again, the school board cannot foresee and guard against all the dangers incident to the rashness of children. It is not the insurer of the lives or safety of children. The school board, through the principals and/or the teachers, are expected to take reasonable precautions and care to avoid injury to the students."
We said in Partin, supra, where the issues were similar in some respects to those presented here, that:
"We recognize that a school teacher charged with the duty of supervising the play of children must exercise a high degree of care toward the children, however, the teacher is not the absolute insurer of the safety of the children she supervises. Our law requires that the supervision be reasonable and commensurate with the age of the children and the attendant circumstances. There is no requirement that the supervisor, especially where the play of some ninety children is being monitored, have each child under constant and unremitting scrutiny."
Plaintiff argues in the instant suit that the trash burner was inherently dangerous and that a "particularly heavy" duty rested on defendants to see that his child was not exposed to it. The trial judge found that the burner was not inherently dangerous. We agree. The fact that this burner had been maintained and used at the Mansura School for almost 40 years, and that no accident of any kind occurred in connection with the use of it until Prier was injured, indicates that the burner was not so dangerous that special precautions should have been taken to prevent children from going near it. We believe that some items of playground equipment used at schools, such as swings, see-saws and slides, are as dangerous as this burner was, and yet no one would suggest that the school board should take precautions to prevent children from playing on them.
Plaintiff argues that an accident of this kind was foreseeable, and that the school officials were negligent in failing to anticipate and prevent the accident and injury which is involved here. The trial judge held that the accident was not foreseeable. We concur in that holding. Cans usually were not put in the burner and the burning of trash normally was completed long before this accident occurred. No such mishap had ever occurred before. We do not believe that the principal and teachers should be held to be negligent for failing to foresee that an explosion would occur.
The argument is made that the school board, through its employees, was negligent in locating and maintaining the burner at a place on the school grounds which was accessible to other people who could place cans or other dangerous objects in it. We find no merit to that argument. It was necessary to have some facility for burning trash at the school. The burner was located in a remote part of the school grounds, away from the area where children played. We cannot say that it would have been safer for the school board to move the burner nearer the center of the campus solely to discourage outsiders from putting trash in it, and there has been no suggestion as to any other steps the school board could have taken to prevent that from occurring.
Plaintiff contends that Van's teacher, Mr. Bernard, was negligent in failing to determine whether there was a blaze in the burner before allowing young Prier to approach it. That argument is made on the assumption that the teacher would have been negligent if he had permitted the boy to put trash in the burner while there was a blaze in it. The burner was located about 300 feet from Bernard's classroom, and the latter could have seen it through a window of that classroom if he had looked. Bernard conceded that he did not look at the burner before he allowed Van to empty trash in it. The evidence shows, however, that usually there was no blaze in the trash burner at 3:00 o'clock in the afternoon, that it was an established practice at that school for teachers to allow students to empty wastebaskets into the burner just before *270 the close of the school day, and that that practice had been followed for many years without mishap. The blaze which existed in the burner when this accident occurred was very small, and the evidence does not show that Bernard or anyone else could have detected that there was a blaze in it even if he had looked out the window of the classroom. If Bernard had observed and knew that there was a small blaze in the trash burner that afternoon, however, we cannot say that he would have been negligent in allowing plaintiff's son to empty a waste paper basket into it despite that circumstance, because the boy was 11 years of age and should be expected to exercise some degree of care. Actually, the blaze was not the cause of the accident and injury. Plaintiff's son was injured as the result of the explosion of a can which had been placed in the burner and concealed from view. We believe that the presence of a small flame in this relatively large burner, even if detected by the teacher ahead of time, would not justify a holding that the teacher should have foreseen that an explosion would occur or that the teacher was negligent in permitting an 11 year old boy to go near the burner. We agree with the trial judge that the teacher, Bernard, was free from negligence.
Our ultimate conclusion is that the principal and teachers at the Mansura High School exercised reasonable supervision over plaintiff's son under the existing circumstances, that they were free from negligence, and that plaintiff is not entitled to recover from their insurer under LSA-C.C. art. 2320. We also conclude that the defendant school board was free from negligence, and that plaintiff is not entitled to recover from that defendant under the cited article of the Civil Code. We thus find no error in the judgment of the trial court which rejects plaintiff's demands for damages under that article.
Plaintiff contends alternatively that he is entitled to recover against the school board under LSA-C.C. art. 2317, as interpreted and applied in Loescher v. Parr, 324 So.2d 441 (La.1975), even though the school board was free from negligence. He argues that the trash burner was under the school board's control and custody, that it was "nothing more than a smoldering trash heap totally unsuited for trash disposal," that the injuries to young Prier resulted from the vice or defect in that burner, and that the school board is responsible for the damage caused by the thing in its custody. He reasons that under those circumstances the defendant could escape liability only by proving that the damage was caused by the victim, by the fault of a third person, or by an irresistible force. He contends that defendant has failed to exculpate itself from liability.
We have found, as did the trial judge, that there was no vice or defect in the trash burner located at the Mansura High School. Even if there was a defect in it, there was no causal connection between that defect and the injury sustained by plaintiff's son. The causality is related to the can which presumably exploded, for which none of the defendants are responsible.
We conclude that LSA-C.C. art. 2317, and the holding in Loescher v. Parr, supra, are not applicable here.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
WATSON, J., concurs and assigns reasons.
WATSON, Judge, concurring:
I concur in the result, my only reservation being with respect to the application of Loescher v. Parr, 324 So.2d 441 (La., 1975). It seems to me that a trash heap or burner which explodes must be considered to have a vice or defect. Perhaps the doctrine of Loescher does not extend to cover a transitory defect, but I cannot agree with the statement that there was no vice or defect present.
I respectfully concur.