364 So.2d 183 (1978)
Thomas U. PERKINS, Plaintiff-Appellant,
v.
STATE BOARD OF EDUCATION, Defendant-Appellee.
No. 12208.
Court of Appeal of Louisiana, First Circuit.
October 9, 1978.
Writ Refused January 12, 1979.
Gregory F. Gambel, New Orleans, for Thomas Perkins, plaintiff-appellant.
Esmond Phelps, II, New Orleans, for State Bd. of Ed., defendant-appellee.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
BLANCHE, Judge.
Plaintiff, Thomas U. Perkins, appeals an adverse judgment of the trial court which held the defendant not negligent and denied plaintiff recovery in tort.
In the fall of 1972, plaintiff, thirty-four years old and a student of Southeastern University, was injured while attempting a surface dive in connection with a lifesaving course he was taking at the time. The course was taught by Harvey Theriot, an employee of the defendant, the Louisiana State Board of Education. Theriot was fully *184 qualified to teach the course. Perkins was absent from class on October 5, the day the surface dive was introduced to the class by Theriot. He was also tardy the following class period, October 10, when Theriot reviewed the elements of the skill with the class. During this class period, plaintiff was unable to execute the dive to a satisfactory degree. As a result, Perkins asked a fellow student to assist him after class. Theriot, as was his practice, allowed the pair to remain in the pool after class and stayed in the pool area himself to act as lifeguard. After watching the other student demonstrate the skill, Perkins again attempted the dive in about eight and a half feet of water. As a result of the attempt, Perkins struck his head on the bottom of the pool.
Subsequently, plaintiff instituted an action against the State Board of Education to recover damages for personal injuries allegedly sustained in the accident claiming, inter alia, that he had not been instructed to put his arms over his head to avoid collision with the bottom of the pool. The trial court refused to find the defendant negligent for failing to give the plaintiff personal and individual instruction on the manner of executing the dive. We affirm.
Plaintiff's assignments of error are as follows:
(1) The trial court erred in not finding that Harvey Theriot failed to properly instruct plaintiff as to the correct manner in which to perform the surface dive and as to the reasonable precautions which must be observed.
(2) The trial court erred in failing to find that Harvey Theriot breached his duty to the plaintiff by failing to properly supervise the exercise after class.
The standard of care owed by a school to its students was accurately set forth in the recent and well reasoned opinion of Prier v. Horace Mann Insurance Company, 351 So.2d 265 (La.App. 3rd Cir. 1977), writ denied, 352 So.2d 1042 and 352 So.2d 1045 (La.1977):
"Our jurisprudence is settled that a school board is not the insurer of the lives or safety of children. School teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It also is essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between that lack of supervision and the accident. Whitfield v. East Baton Rouge Parish School Board, 43 So.2d 47 (La.App. 1st Cir. 1949); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3rd Cir. 1966); Station v. Travelers Insurance Company, 292 So.2d 289 (La.App. 1st Cir. 1974); Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir. 1975); Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir. 1977); Richard v. St. Landry Parish School Board, 344 So.2d 1116 (La.App. 3rd Cir. 1977)." (351 So.2d 268)
Examining the plaintiff's first assignment of error, that Theriot failed to properly instruct and warn the plaintiff, we agree with the trial judge who noted in his opinion:
"* * * The Court feels that proper instruction is one of the many elements of the reasonable precautions required by our courts. That instruction is required on the basis of the increased risks to the student over what is to be expected from classroom instruction. Where a school in the normal course of instruction, places a student in a more perilous situation than in an ordinary classroom, it owes that *185 student a duty of proper instruction. That duty does not require that each student receive the instruction, but that adequate instruction be offered. It would be a serious blow to schools in general and universities in particular (who lack sanctions to compel attendance), to impose liability in a case where adequate instruction was offered but not received due to some neglect on the part of the student. * * *" (Record, pp. 101, 102)
This is not to say, however, that there may never be a time when individual and personal instructions must be given. The existence of such a duty would depend upon the age and experience of the student, as well as the nature of the danger involved.
In the instant case, the evidence shows that the plaintiff was thirty-four years old at the time of the accident, had been swimming since he was eight or nine, had received some prior swimming training in the armed services, and was entered in an advanced course of swimming instruction at the college level. The testimony of instructor Theriot establishes to our satisfaction that the surface dive was an elementary skill necessary to accomplish other skills to be taught in the course.[1] The purpose of the dive is to submerge the rescuer so that he may approach the victim from under the water. We believe the surface dive was not so dangerous, nor the plaintiff so young and inexperienced, as to create a duty of individual instruction. We also note that Theriot made available to the plaintiff four opportunities to learn the elements of the dive.[2] We, therefore, agree with the trial court that the defendant fulfilled its duty to offer adequate instruction, and we reject the plaintiff's first assignment of error.
Plaintiff's second assignment of error is that the trial court erred in failing to find that Theriot negligently failed to properly supervise plaintiff's activity after class. The evidence indicates that Perkins' accident occurred after the regular class period had ended. Also, Perkins' decision to stay after class and his engaging a classmate to aid him were based wholly upon his own initiative. The instructor's job at this time, according to his testimony, was to remain in the pool area as a lifeguard to prevent drownings. We agree with the trial court that the law only requires that supervision be reasonable and commensurate with the age of the student and the attendant circumstances. Theriot had three times in class given instruction on how to execute the surface dive which we have already determined to have been nonhazardous under the circumstances. We believe Theriot's conduct was consistent with the reasonable standard of care imposed. As noted in an earlier decision by this Court:
"`The fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees.'" (Banks v. Terrebonne Parish School Board, 339 So.2d 1295 [La.App. 1st Cir. 1976])
We likewise find plaintiff's second assignment of error to be without merit.
As a result of the above findings that defendant breached no duty owed to the plaintiff, we pretermit defendant's claim that the plaintiff is barred from recovery by contributory negligence.
The judgment of the trial court is affirmed for the reasons set forth above, plaintiff-appellant to pay all costs of this appeal.
AFFIRMED.
NOTES
[1] The dive consisted of the following: the rescuer swims toward a drowning victim who is floundering on the surface of the water; approximately six feet from the victim, the rescuer lowers his head into the water, tucks at the waist, keeps his legs together in a pike position and his momentum carries him beneath the surface of the water. (There are other methods, all with the same goal.)
[2] (1) Lecture on October 5; (2) review on October 10; (3) continued instruction during practice in class on October 10; (4) reading material assigned for the class of October 10.