467 So.2d 1257 (1985)
James and Shirley FERGUSON, Plaintiffs-Appellees,
v.
DeSOTO PARISH SCHOOL BOARD, et al., Defendants-Appellants.
No. 16,877-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1985.
Writ Denied May 13, 1985.
*1258 Ward & Hammonds by Robert L. Hammonds, Baton Rouge, for defendant-appellant, DeSoto Parish School Bd.
Mayer, Smith & Roberts by Walter O. Hunter, Jr., Shreveport, for defendant-appellant, Jessie Buggs.
Watson, Murchison, Crews, Arthur & Corkern by William P. Crews, Jr., Natchitoches, for plaintiffs-appellees, James & Shirley Ferguson.
Before MARVIN, SEXTON and LINDSAY, JJ.
SEXTON, Judge.
In this wrongful death and survival action, the DeSoto Parish School Board and Jessie Buggs appeal an adverse damage award finding Ms. Buggs, a school teacher, negligent in her supervision of children at Stanley High School in DeSoto Parish. We reverse.
The facts which give rise to this cause transpired on May 13, 1981. On that day, Ms. Buggs was the duty teacher assigned the supervision of children on the playground of Stanley High School during the lunch time recess. Ms. Buggs was in charge of some 40 students ranging in age from approximately five to eight years old. No organized activity was scheduled during this time so the children enjoyed a period of free play. During the recess some of the third grade boys independently organized a softball game.
The trial judge determined that the accident occurred when plaintiff's nine year old son, Joseph Patrick, tried to recover his glove which he had thrown in the air and which had landed right behind home plate. Joseph Patrick "got down low as he approached his glove" and the batter was *1259 apparently watching the pitcher and did not see Joseph Patrick coming toward the plate. As the batter was attempting to strike the ball, Joseph Patrick was struck by the baseball bat on the temple as the batter was "swinging back hard." The trial court also found that Mrs. Buggs, located some forty to fifty-five feet away, did not see the injury occur.
Ms. Buggs testified that the child showed no immediate signs of serious head injury and told her that he was alright. She sent him, along with some other children, to the water fountain to wash his head and face. Another teacher, Coach Cripps, learned of the incident almost immediately. He attended to the child and noted that he appeared normal, but was complaining of a headache. The child was taken by this teacher to the gym, and an icepack was placed on his head. The principal, Chal Rasco, was summoned. He also felt that the boy appeared normal, but had some discoloration around the temple area. Soon thereafter, the principal noticed that the child's left eye was unresponsive to light. As a result of this observation, Joseph Patrick was rushed to a doctor in Logansport, Louisiana, who found him to be semi-comatose. The child was then transported to the LSU Medical Center for further treatment and was immediately taken into surgery. He died four days later of a closed head wound.
The parents of Joseph Patrick brought suit against the DeSoto Parish School Board, Jessie Buggs, and Chal Rasco, for the wrongful death of their child. Additionally, they sought to recover damages for the child's suffering prior to his death. In reasons for judgment, the trial court found that Ms. Buggs had been negligent in her failure to exercise an appropriate level of supervision of the children under these circumstances. The trial court found that if the children had been properly supervised, the act which caused the child's injury could have been prevented.
Judgment was rendered in solido against Ms. Buggs and the DeSoto Parish School Board, which the trial court found to be vicariously liable for the acts of its employee, Ms. Buggs. Plaintiffs' demands against Chal Rascoe were rejected. Additionally, the court rejected the affirmative defenses advanced at trial, viz., contributory negligence and assumption of the risk. The judgment awarded $40,000 to the parents for the child's suffering prior to his death, and $125,000 to each parent for their grief, loss of love, affection and companionship. The court also awarded plaintiffs the medical expenses and funeral expenses involved in the last illness and death of their child. From this judgment the defendants, the DeSoto Parish School Board and Jessie Buggs, appeal.
Before beginning our analysis of the law, we note that the witnesses were not entirely consistent with respect to certain details of the accident. This circumstance is understandable considering that all of those who witnessed the accident were young grammar school students, and that some three years had passed between the accident and the date of trial. However, there is adequate substantiation for the trial judge's conclusions previously noted, and any evidentiary discrepancies are not important to our resolution of the case. These discrepancies involve whether the batter hit Joseph Patrick on the follow through or backswing, whether Joseph Patrick was crouched or not, who threw the glove behind home plate, and to what point the game had progressed.
There is no dispute that Joseph Patrick's glove was thrown just behind home plate, that he soon went to retrieve it, that he was hit when the batter was in the process of swinging at a pitched ball, and that at the most, the game had only progressed to the first pitch to the first batter in the bottom of the first inning. Also, Ms. Buggs had some forty children in her charge, approximately half of whom were involved in the game. She was no more than fifty-five feet from the game and was engaged with a kindergarten student at the time the accident occurred.
Under these facts, we determine as a matter of law that the teacher was not *1260 negligent in her supervision of these children, within the definition of her responsibility as provided by LSA-C.C. Art. 2320:
Art. 2320. Acts of servants, students or apprentices
Art. 2320. Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it.
The duty of a school board with respect to the safety of its students was well articulated in Prier v. Horace Mann Insurance Co., 351 So.2d 265 (La.App. 3rd Cir. 1977), writ denied, 352 So.2d 1042 (La. 1977):
Our jurisprudence is settled that a school board is not the insurer of the lives or safety of children. School teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It also is essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between that lack of supervision and the accident. [Citations omitted]
Felton W. Shamlin, Assistant Superintendent of Schools, was accepted as an expert in education and testified that supervision in the ratio of one teacher to forty students was adequate supervision. The jurisprudence reinforces this assessment. The following student-teacher ratios have been held to be adequate: (1 to 50 or 1 to 87.5) Nicolosi v. Livingston Parish School Board, 441 So.2d 1261 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1243 (La. 1984); (1 to 57) Hampton v. Orleans Parish School Board, 422 So.2d 202 (La.App. 4th Cir.1982); (6-8 to 250-300) Capers v. Orleans Parish School Board, 365 So.2d 23 (La.App. 4th Cir.1978); (1 to 90) Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir.1977).
Recently, this court observed that it is impossible for school authorities to directly supervise every child. Henix v. George, 465 So.2d 906 (La.App. 2d Cir. 1985); See also Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3rd Cir.1966). School authorities are required to exercise and maintain only the supervision and discipline that is expected of a reasonable person under the circumstances of the particular case. Partin, supra.
Liability attaches under LSA-C.C. Art. 2320, previously quoted, only if the accident is preventable by an appropriate degree of supervision. The trial court found that the accident could have been prevented if the teacher had called out to the children. However, this finding presupposes that the teacher would have seen and anticipated this occurrence. The only way this regrettable and tragic accident could have been prevented is with constant and undeviating supervision. Even had Ms. Buggs been positioned directly behind home plate, if her attention had been diverted for only a few seconds by a kindergarten child as occurred in the instant case, in all likelihood the accident would still have occurred.
The record indicates that the youngsters involved in this game had regularly played softball during their young lives and were quite familiar with the game, including the *1261 deceased, Joseph Patrick Ferguson. Moreover, Mr. Shamlin, Assistant Superintendent of Schools who was accepted as an expert in the field of education, testified that softball is a beneficial and generally safe sport. During the twenty-one years he served as a principal of a K-12 facility, he recalled no serious accidents.
The duty of teachers to supervise the play of their students is well established. However, only reasonable supervision under the circumstances of each case is required. Henix v. George, supra; Nash v. Rapides Parish School Board, supra. Softball is not inherently dangerous. A finding of liability under these circumstances mandates that constant and undeviating supervision is required of teachers supervising children of this age. It is impossible for us to speculate as to the appropriate teacher-pupil ratio necessary to maintain such supervision, but it is surely prohibitive.
In other words, teachers supervising young students at play have a high duty. However, that duty depends on the particular circumstances involved and does not extend to constant and undeviating supervision because such supervision is prohibitive and probably impossible. Only such supervision would have prevented this accident.
In conclusion, we determine that plaintiff has failed to establish that Ms. Buggs' supervision was inadequate under the circumstances of this case, or that a higher degree of supervision is required than was in effect when this tragic incident occurred.
The judgment of the trial court is accordingly reversed. All costs are assessed to appellee.
REVERSED.