495 So.2d 371 (1986)
Willie E. EMERY, Administrator, Plaintiff-Appellant,
v.
Catherine CHAPMAN et al., Defendants-Appellees.
No. 85-844.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1986.
Rehearing Denied October 30, 1986.
Johnny E. Wellons, Baton Rouge, for plaintiff-appellant.
Charles H. Heck and Phil Meyers, Monroe, for defendants-appellees.
Before LABORDE and KING, JJ., and PAVY[*], J. Pro Tem.
H. GARLAND PAVY, Judge Pro Tem.
Plaintiff sued as administrator of his minor daughter, Diane Emery, for injuries *372 sustained by her when Johnny Collins, a classmate, struck her in the eye with his closed fist. Defendants are Catherine Chapman, a teacher in whose room the students were at the time, Charles Chauvin, the parish superintendent, and the Concordia Parish School Board. The trial judge sustained a motion for summary judgment brought by defendants. Plaintiff appeals the dismissal.
Diane Emery, the victim, and Johnny Collins, the assailant, were eighth graders in Vidalia Junior High School. It was the home-room period at the beginning of the day when attendance was checked and other daily matters were attended to. Catherine Chapman, a substitute teacher, was in charge of the class. She left the room to bring money or reports to the principal's office. Upon her return, she found Diane Emery crying and nursing a bruised face.
The record indicates that Johnny Collins, about 17 years of age, was three grades behind his age. He attacked Diane Emery without legal justification and apparently without provocation. The record suggests Diane had spoken ill of Collins' girlfriend. Defendants rely on a well settled rule that a teaching institution and its personnel are not obligated to maintain constant surveillance of students without some notice or indication of possible trouble. See Prier v. Horace Mann Insurance Company, 351 So.2d 265 (La.App. 3d Cir.) writ denied, 352 So.2d 1042 (La.1977); Richard v. St. Landry Parish School Board, 344 So.2d 1116 (La.App. 3d Cir.1977); Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3d Cir.1977); McDonald v. Terrebonne Parish School Board, 253 So.2d 558 (La.App. 1st Cir.), writ denied, 260 La. 128, 255 So.2d 353 (1971); Bourgeois v. Indemnity Insurance Company of North America, 60 So.2d 718 (Orl.App.1952).
The record is entirely void of any evidence that the teacher, Catherine Chapman, or the superintendent, Charles Chauvin, were aware of or should have known of any tendency of Johnny Collins to do violence. Without such a showing, no material issue of fact is presented as to those two defendants.
We know of no authority that makes a parish superintendent of schools personally responsible for the delict of a teacher, principal or other subordinate. The parish school board is the employer of the school principal. Thus, any negligence or other tortious conduct of the principal, Mr. Lee, cannot be vicariously attributed to a superintendent personally.
With regard to the Concordia Parish School Board, a different situation is presented. There are several contentions in brief and suggestions in deposition that the assailant's history and background were such as to put the school authorities on notice of a dangerous propensity. Most of these claims are not supported by evidence or affidavits and we disregard them. However, there is an assertion that is included in an affidavit that we must deal with. Plaintiff filed an affidavit by one Eric Bell, apparently another student. He deposed that at times prior to the attack herein, Johnny Collins had pulled a razor on him. On one of these occasions, Collins was brought to the principal, Mr. Lee, who threatened expulsion if he (Collins) repeated the conduct.
It is, at least, a partially factual question whether the principal was neglectful in not going further with the 17-year-old, about three years behind in his grades and who had exhibited a propensity to extreme violence. It is factual whether there was a practical alternative to guard against the attack that did happen. There are factual administrative considerations in this determination. Moreover, it could be that this student should have been expelled or punished differently or specially watched or segregated. Affidavits and depositions such as were had in this case and the written arguments do not constitute the proper setting to determine this type of question. They are more properly dealt with at a full trial on the merits.
*373 Accordingly, the judgment below is affirmed insofar as it dismissed the suit against Catherine Chapman and Charles Chauvin. It is reversed insofar as it dismissed the suit against Concordia Parish School Board; the Motion for Summary Judgment against that party is denied and the matter is remanded for further proceedings. Costs of this appeal are to be borne equally between plaintiff-appellant and defendant-appellee, Concordia Parish School Board.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
NOTES
[*] Judge H. Garland Pavy of the Twenty-seventh Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.