528 So.2d 659 (1988)
Kathaleen MORRIS, et al., Plaintiffs-Appellants,
v.
Ransome CANIPE, et al., Defendants-Appellees.
No. 19603-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
*660 Susan D. Scott, Shreveport, for plaintiffs-appellants.
Cook, Yancey, King & Galloway by Eskridge E. Smith, Jr., Shreveport, for defendant-appellee, DeSoto Parish School Bd.
Herman L. Lawson, Mansfield, for defendant-appellee, Ransome Canipe, et al.
Before MARVIN, JASPER E. JONES and SEXTON, JJ.
JASPER E. JONES, Judge.
The plaintiffs, John and Kathaleen Morris, individually and as administrators of the estates of their minor children, bring this action for damages caused by the sexual abuse of their minor children by another minor. The defendants are Ransome Canipe, individually and as administrator of the estate of his minor son, Randall, and the DeSoto Parish School Board. Plaintiffs appeal a judgment granting the School Board's motion for summary judgment. We affirm.
Plaintiffs allege their minor children were sexually molested by Randall Canipe. They further allege that the School Board was aware of Randall's "problems" and that it did nothing to control his behavior or warn the parents of children who were his potential victims.
The School Board answered and moved for summary judgment contending it had no knowledge of any sexual misconduct by Randall and no duty to give the warnings or reports plaintiffs complain it failed to give. The motion for summary judgment was supported with affidavits from the present and past principals of the school Randall attended and from four teachers at the school and depositions of the plaintiffs.
The motion was eventually set for hearing and on the day prior to the hearing the plaintiffs filed three opposing affidavits. At the hearing, counsel for the School Board moved to strike the opposing affidavits. The district judge took the matter under advisement and then rendered judgment granting the motion for the reasons set out in the School Board's memorandum supporting the motion. This appeal followed.
The plaintiffs contend the district judge erred in granting the motion because there were genuine issues of material fact and the School Board was not entitled to judgment as a matter of law. They argue that the affidavit of a former student raises a genuine issue as to whether the School Board, through its employees, knew of Randall's problem. They further argue that the School Board had a duty to protect all children against the risk of sexual abuse by Randall by reporting his misconduct to "appropriate authorities."
Any doubt is resolved against granting a motion for summary judgment and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Chiasson v. Domingue, 372 So.2d 1225 (La.1979). A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions of fact together with the affidavits, if any, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. Chiasson v. Domingue, supra.

DUTY
A school board is not the insurer of the safety of school children. Patterson v. Orleans Parish School Board, 461 So.2d 386 (La.App. 4th Cir.1984).
In a negligence case, if the defendant's conduct is a cause in fact of the plaintiff's harm, the court must determine whether the defendant breached a legal duty imposed to protect against the particular risk *661 involved. Hill v. Lundin & Associates, Inc., 256 So.2d 620 (La.1972). Duties do not protect every person against every risk. Hill v. Lundin & Associates, Inc., supra.
The depositions supporting the motion establish that the abuse of the Morris children occurred at their home, during the summer months and before either had attended DeSoto Parish Schools. Thus, assuming for the purposes of this motion, but not finding, that the School Board knew of Randall's problem and that its conduct was a cause in fact of plaintiffs' harm, we must now determine whether the School Board was under any duty to report Randall which included within its protective scope the risk that he would commit intentional torts against other children, who were not students, away from school grounds and during the summer recess.
In support of the contention that the School Board had a duty to report Randall plaintiffs cite LSA-R.S. 14:403. That provision requires reporting of child abuse or neglect by a person responsible for a child's care. Because this case involves the failure to report child abuse by another child, LSA-R.S. 14:403 does not support plaintiffs' position.
Plaintiffs have cited no statute or case imposing the duty they suggest was breached. Our independent research has revealed no such case or statute.
Even a school board's duty to supervise children is limited. This is illustrated by Ulm v. Gitz, 286 So.2d 720 (La.App. 4th Cir.1973), writ refused, 290 So.2d 332 (La. 1974), where it was held the school had no duty to supervise its schoolyard after school hours or during vacation time. Cf. St. Pierre v. Lombard, 512 So.2d 1206 (La. App. 5th Cir.1987) (School board did not have duty to protect against stabbing at a football game even if it had notice that altercations are to be anticipated at such games.)
A school's duty to supervise might be greater where the student involved has a known behavioral problem, Cf. Emery v. Chapman, 495 So.2d 371 (La.App. 3d Cir. 1986), but we conclude such notice would not extend the school's duty to supervise beyond school and school activities.
Plaintiffs have not suggested any and we know of no basis upon which to impose upon the School Board a duty which would have a scope broad enough to include the risk which caused the harm in this case. We hold the School Board had no duty to protect these plaintiffs against this risk.

ISSUES OF FACT
Plaintiffs contend that the affidavit of the former student raises a genuine issue as to the School Board's knowledge of Randall's problem. This affidavit was not filed until the day prior to the hearing on the motion for summary judgment. Under these circumstances it cannot be considered. Hall v. Hall, 460 So.2d 1053 (La. App. 2d Cir.1984); Jones v. Jones, 385 So. 2d 880 (La.App. 2d Cir.1980).
However, even if the affidavit were considered, the fact which it places at issue is not material for the reasons set out above.

CONCLUSION
Plaintiffs' assignment of error is without merit and the judgment of the district court is affirmed at plaintiffs' costs.