593 So.2d 451 (1992)
Kevin COLEMAN and Barbara Coleman Kitterlin, Appellees,
v.
Willie Mae JOYNER and Mr. Bryant, Parents of Minor Damon Bryant; Caddo Parish School Board; Aetna Insurance Company, Appellants.
No. 23219-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1992.
Writ Denied April 3, 1992.
*452 Rountree, Cox & Guin by Gordon E. Rountree, Shreveport, for appellants.
Norman R. Gordon & Associates by James D. Caldwell, Shreveport, for appellees.
Before MARVIN, LINDSAY and BROWN, JJ.
BROWN, Judge.
Plaintiff, Kevin Coleman, a 17 year old junior at Huntington High School in Shreveport, was unexpectedly struck by another student causing serious injuries. Defendant, Caddo Parish School Board (School Board), appeals a judgment in favor of plaintiff in this action for damages. The facts are not in dispute and determining that they do not support the trial court's decision, we reverse.
On December 19, 1986 while walking to class with a friend, plaintiff was suddenly hit by Damon Bryant. Bryant, a fifteen year old football player, was 6'1" tall and weighed 209 pounds. Although older than Bryant, plaintiff was 5'7" and weighed only 130 pounds. Plaintiff, in an unguarded moment, was struck once in the face and never saw the transgressor. Plaintiff did not know Bryant and thus never had any problems with him. As a result of the blow, plaintiff suffered a broken jaw which required surgery.
This action was instituted against Damon Bryant, his mother, Willie Mae Joyner, and the School Board. For unrelated reasons, Bryant died before trial and the claim against Bryant's mother was severed to be heard at a later date.
Bryant denied striking plaintiff to school officials and in a deposition. Although plaintiff did not see who struck him, other students who witnessed the attack identified Bryant as the offender. The School Board acknowledged that Bryant did attack plaintiff suddenly and without reason. There were duty teachers positioned in the general area but because the incident happened *453 quickly and without warning, it could not have been prevented.
The trial court found liability against the School Board citing its negligence in permitting a student with a propensity for violence to remain in school "unmonitored" and "uncounseled". The sole basis for the trial court's decision that Bryant had a propensity for violence which was "foreseeable, actually known and preventable" was an incident one month earlier where Bryant struck another student after school at basketball try-outs.
The other incident involving Bryant happened on November 11, 1986. Neither plaintiff nor defendant presented evidence of what exactly occurred in the November altercation except that Bryant admitted striking the other student. Howard Clayton, an assistant principal charged with discipline at Huntington, termed this November fight as also "unprovoked". Mr. Clayton suspended Bryant from school for five days with a parent conference required before readmittance. At the parent conference Mr. Clayton told Bryant that his behavior was unacceptable and must not be repeated if he intended to remain in school. Additionally, Mr. Clayton recommended to the parents of the other student that criminal charges be filed. Bryant was prosecuted in juvenile court resulting in a sentence of eight months supervised probation.
Bryant was a sophomore and had attended Huntington since his freshman year with no disciplinary problems until the November 1986 fight. Bryant's entire school record reflected only one other fight at another school in 1983 when he was eleven years old; however, no information concerning this fight was presented at trial.
A general rule in the Caddo Parish school system was that a hearing to consider alternate schools would be requested only after three suspensions. Mr. Clayton testified that there were 1400 to 1500 students at Huntington and 60 to 70 fights each year. Because the November incident was Bryant's first violent act at Huntington in his 1½ years of attendance, the assistant principal did not believe it represented habitual misconduct. After the second episode in December, Bryant was referred to a disciplinary hearing which removed him from Huntington's campus to a School Away From School. This action was the strongest available to the School Board because the Compulsory Attendance Law requires all children ages 7 through 17 to be in school and given an education. LSA-R.S. 17:221.
A school board, through its agents and teachers, has a duty to adequately supervise students and thereby protect them from injury. Constant supervision of all students is not possible nor required for the school board to discharge its duty to provide adequate supervision. Collins v. Bossier Parish School Board, 480 So.2d 846 (La.App. 2d Cir.1985). It is impossible for a school to directly supervise every child at all times. Henix v. George, 465 So.2d 906 (La.App. 2d Cir.1985). The duty to supervise does not make the school board the insurer of the safety of school children. Morris v. Canipe, 528 So.2d 659 (La.App. 2d Cir.1988).
School boards are required to exercise and maintain only the supervision and discipline that is expected of a reasonable person under the circumstances of the particular case. They are not required to protect against risks that are unforeseeable. Turner v. Caddo Parish School Board, 214 So.2d 153 (La.1968); Henix, supra.; Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3d Cir.1977); Comeaux v. Commercial Union Insurance Company, 269 So.2d 500 (La.App. 4th Cir. 1972); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3d Cir.1966); Selleck v. Insurance Company of North America, 182 So.2d 547 (La.App. 1st Cir. 1966).
Both plaintiff and the trial court recognized that the supervision at Huntington was adequate for normal circumstances. The issue before the trial court and on appeal was whether Bryant's prior violent act in November required the School Board to do more than was done. *454 In brief plaintiff appropriately states the issue as follows:
Although appellant likens the situation to a number of `quick happening' cases, that assertion misses the mark. In this case, the assailant had a prior history of violent criminal behavior. In other words, had the school board taken adequate precautions with respect to the November attack, the December `quick happening' attack would more probably than not have not occurred.
The facts are not in dispute. The issue is whether the School Board breached its duty or acted unreasonably after the November fight. The trial court's legal conclusion that the School Board should have or could have imposed greater punishment on Bryant after the November fight is clearly wrong.
Mr. Clayton acted reasonably in disciplining Bryant following the first incident. Mr. Clayton suspended Bryant from school for five days and required his mother to accompany him back to school before readmission. Bryant was admonished and told how he was expected to behave if he wished to stay at Huntington. Both Bryant and his mother were told that if any such incidents occurred again very stern action would be taken. Mr. Clayton recommended to the parents of the victim that criminal charges be filed with the juvenile court which resulted in Bryant being placed on supervised probation. Such action was based upon Mr. Clayton's review of Bryant's disciplinary record which, at that time, included only one prior incident of fighting when Bryant was 11 years old and attending another school. Bryant had been at Huntington for a year and a half with no fights and there was no indication in his record of any propensity for violence. Given that history it was reasonable to allow him to return to the Huntington environment. To remove Bryant from Huntington and send him to the School Away From School after the November incident would not have been reasonable, warranted or appropriate.
It was plaintiff's burden to prove the outrageous nature of the first incident. Without this proof we cannot find that the School Board, Mr. Clayton or anyone else besides Bryant could have foreseen what was to happen between himself and Kevin Coleman. There is nothing in the record to prove that the first fight was of a nature to put the school on notice of Bryant's future violent behavior. A school board's duty to supervise might be greater where the student involved has a known behavioral problem; however, we can not apply that standard in this case. This incident occurred the last day of school before the Christmas holidays and no evidence was offered that indicated the school's environment was inflamed or tense.

DECREE
For reasons assigned, we reverse the trial court's ruling that the School Board is responsible for plaintiff's injuries and render judgment in favor of the School Board at plaintiff's cost. Costs of this appeal are assigned to plaintiff.
REVERSED AND RENDERED.