627 So.2d 772 (1993)
Robert HUNTER, Individually and as Natural Tutor and Administrator of the Estate of the Minor, Ryan Hunter, Plaintiff-Appellee,
v.
CADDO PARISH SCHOOL BOARD, Defendant-Appellant.
No. 25,283-CA.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1993.
*773 Rountree, Cox, Guin & Achee by Gordon E. Rountree, Shreveport, for defendant-appellant.
M.F. "Rick" Fayard, Jr., Bossier City, for plaintiff-appellee.
Before MARVIN, C.J., and SEXTON and HIGHTOWER, JJ.
MARVIN, Chief Judge.
The School Board appeals a judgment awarding Robert Hunter damages for a broken arm his five and one-half-year-old son, Ryan, sustained when he jumped about four feet from a climbing tower on the playground of an elementary school.
The trial court concluded that the school principal owed and breached a duty to inform Ryan's kindergarten teacher of his rule or restriction that prohibited the early childhood education (ECE) classes from climbing to the top of the tower.
We reverse.

FACTS
Cherokee Park Elementary School had two separate playgrounds, designated as the upper and the lower playgrounds. Because of the relative location of the classrooms and the playgrounds, the kindergarten, first, second, and third grade classes were assigned to the lower playground. The ECE, fourth, and fifth grade classes were assigned to the upper playground. The playgrounds were wet on the morning of March 8, 1989. Mr. White, the principal, declared that day an "inside" recess day. The classes did not have regular recess on the playgrounds on that day.
Ryan's teacher, Ms. Hill, began teaching at Cherokee Park about five weeks before Ryan's injury when an additional kindergarten class was formed. At approximately 2:15 p.m. on March 8, 1989, Ms. Hill and Mr. White agreed that she would take her kindergarten class outside to allow delivery and assembly of equipment and furniture for her classroom. Mr. White instructed Ms. Hill to take her class to the upper playground because the lower playground was still wet.
The climbing tower, an eight to ten feet rectangle with chain ladders on two sides, was on the upper playground. The principal had a rule restricting its use by the ECE (or pre-kindergarten) classes. The ECE classes were prohibited from climbing to the top of the tower, but were allowed to climb to a certain point, approximately the bottom two *774 or three rungs, on the chain ladder under a teacher's supervision. Ms. Hill was not informed of this rule.
While the furnishings were being delivered and assembled in the classroom, Ms. Hill's kindergarten class played outside for about a half-hour. During this time Ryan Hunter climbed all the way up and down the tower two or three times. When Ms. Hill called her class to line up to return to the classroom, Ryan returned to the tower for one more climb. After reaching the top and while descending the ladder about halfway or about the fourth rung, Ryan jumped to the ground, landing on and fracturing his arm.
Ryan's father filed the damage suit about two months later against the School Board. Although the trial court specifically found that Ms. Hill was not negligent in her supervision of the children, it found that Mr. White breached his duty to inform Ms. Hill of the rules and restrictions on the upper playground equipment, and that this breach of duty was a substantial factor in causing Ryan's injury. The trial court stated:
Ryan would not have been at the place on the tower, on shaking chain rungs that would forseeably (sic) lead a young child to jumping off, but for the breach of duty ...
The trial court awarded Mr. Hunter $3500 for general damages and $2,382 for medical expenses.

LIABILITY
A school board is not the insurer of the safety of children. Coleman v. Joyner, 593 So.2d 451 (La.App. 2d Cir.1992), writ denied; Prier v. Horace Mann Ins. Co., 351 So.2d 265 (La.App. 3d Cir.1977), writs refused. Constant supervision of all pupils is not required or even possible. Coleman, supra; Henix v. George, 465 So.2d 906 (La. App. 2d Cir.1985); Collins v. Bossier Parish School Bd., 480 So.2d 846 (La.App. 2d Cir. 1985), writ denied.
Before liability can be imposed upon a school board, there must be proof of negligence in failing to provide the required supervision and proof of a causal connection between the lack of supervision and the cause of the accident. Prier, supra; Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3d Cir.1966); Selleck v. Insurance Company of North America, 182 So.2d 547 (La.App. 1st Cir.1966). The risk of injury must be reasonably foreseeable, constructively or actually known, and preventable if the requisite degree of supervision had been exercised. Henix, supra; Prier, supra.
Although the trial court did not find Ms. Hill negligent in her supervision of the children, it accepted Hunter's argument that the supervision by the principal and school board was inadequate. The liability of the school board was based solely upon the trial court's findings that Mr. White breached his duty to inform Ms. Hill of the rules and restrictions on the upper playground equipment and that this breach of duty was a substantial factor in causing Ryan's injury.
The board correctly contends that the trial court erred in finding that there was a rule restricting the kindergarten students from climbing on the tower and that the principal had a legal duty to inform Ms. Hill of this rule.
The trial court did not find that the kindergarten and ECE classes should be treated the same, as Hunter suggests, but incorrectly found that they were one and the same. The trial court incorrectly concluded that, "Ryan was in an ECE/kindergarten class." Ryan was in a "kindergarten class" of students who are approximately a year older than the students in the "ECE classes."
Mr. White testified that there was a rule prohibiting the ECE students from climbing any higher than the second or third rung on the chain ladder. This was the only rule applicable to the tower. There was no policy for the kindergarten classes. The height of a slide on the lower playground was as high or higher than the climbing tower on the upper playground, and there was no prohibition against the kindergarten students climbing to the top of the slide.
The record does not support the finding that Ryan or his class should have been restricted in their use of the tower. Ms. Hill testified that Ryan was very agile, coordinated, and active, and he did not have any problem climbing the chain ladder while she *775 was watching him. She stated that she had no apprehension as she supervised her children on the tower. Ryan testified that he had successfully climbed up and down this tower three times, and he was familiar with playground equipment of this type, having climbed on chain ladders at two or more playgrounds or parks.
The school board also notes that before Ryan made his final climb up the tower, his teacher had called for him and his classmates to line up to return to the classroom. Ryan failed to follow her instructions, and consequently was injured. Ryan's impulsive action resulting in his injury could have occurred even if the principal's rule had applied to Ryan's kindergarten class. We cannot say that the principal's distinction between ECE and kindergarten students was unjustified.
Hunter contends that the climbing tower was defective because rubber hoses covering the chains were worn and because the bottom of the chain ladders were not secured to the ground. The trial court did not address this issue. We fail to find any evidence to support the contention that the tower was defective. Ryan did not fall from the tower, but rather, he jumped because he "wanted to act like Superman," according to his testimony.
A judgment against the school board awarding damages for a five-year-old student's fractured arm that occurred when she was pushed from a slide six feet in height was reversed in Brooks v. Orleans Parish School Bd., 560 So.2d 633 (La.App.4th Cir. 1990). That court rejected the parents' contention that five-year-olds should not be permitted to use a slide of this height, finding that the evidence did not show that the slide was defective or inherently dangerous or that there was a lack of supervision or negligent supervision.

CONCLUSION
The trial court erred in finding that the principal had a duty to inform a new kindergarten teacher of a playground rule that was applicable only to the ECE classes. The school board is not liable for the injury sustained by kindergartner Ryan Hunter. The judgment is contrary both to the law and the evidence.

DECREE
At appellee's cost, the judgment is REVERSED. Judgment is rendered rejecting plaintiff's demands at his cost.