Dear Senator Romero:
I am in receipt of your request for an Attorney General's opinion concerning when the responsibility of a school board begins and ends for a student in the board's school system. You state that recently a male and female student both in high school decided to walk home after school. The female student normally rides the bus home. Instead of going directly home, they decided to go to an apartment and have sex.
You state that the School Board has been advised that they are responsible for the safety of each student from the time they leave their home going to school until their return. You also state that it appears obvious that the School Board is responsible for the safety of a student from the time he/she boards the bus in the morning until he/she exits the bus in the afternoon, but if the student chooses not to ride the bus, the Board contends that it's responsibility ends when the student leaves the school property after school.
Louisiana Civil Code Article 2320 states the following concerning the responsibility of teachers for the actions of their students:
 Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
 Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
In Hunter v. Caddo Parish School Board, 627 So.2d 772 (2d Cir. 1993) the Second Circuit Court of Appeal addressed the liability of a school board towards its students.
The Court stated the following:
 [1][2] A school board is not the insurer of the safety of children. Coleman v. Joyner, 593 So.2d 451 (La.App. 2d Cir. 1992), writ denied; Prier v. Horace Mann Ins. Co., 351 So.2d 265 (La.App. 3d Cir. 1977), writs refused. Constant supervision of all pupils is not required or even possible. Coleman, supra; Henix v. George, 465 So.2d 906
(La.App. 2d Cir. 1985); Collins v. Bossier Parish School Bd., 480 So.2d 846 (La.App. 2d Cir. 1985), writ denied.
 [3] Before liability can be imposed upon a school board, there must be proof of negligence in failing to provide the required supervision and proof of a causal connection between the lack of supervision and the cause of the accident. Prier, supra; Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3d Cir. 1966); Selleck v. Insurance Company of North America, 182 So.2d 547 (La.App. 1st Cir. 1966). The risk of injury must be reasonably foreseeable, constructively or actually known, and preventable if the requisite degree of supervision had been exercised. Henix, supra; Prier, supra.
Educators are required to exercise only that supervision and discipline expected of a reasonably prudent person under the circumstances at hand. Ferguson v. DeSoto Parish School Board,467 So.2d 1257 (2d Cir. 1985). writ denied, 469 So.2d 978 (La. 1985).
In Nash v. Rapides Parish School Board, 188 So.2d 508 (3d Cir. 1966), the Third Circuit examined the responsibility of a school board in providing adequate supervision for school children waiting for a school bus to take them home. The court held that there must be proof of a causal connection between the lack of supervision and the cause of an accident.
In Collins v. Wilson, 331 So.2d 603 (1st Cir. 1976), it was argued by counsel that there would be a presumption of fault on the part of a teacher in the event of damage to a third party by a student under the teacher's supervision. The Court held that such an interpretation would place the teacher in the same relationship to the student as the master occupies towards his servant and a parent to his child. The Court disagreed with this interpretation of Article 2320 in that respect.
There are no specific rules or regulations, state or local, that govern the responsibility of an on-duty teacher. However, LSA-R.S. 17:416A provides the following concerning the accountability of a student for his/her actions:
 A. (1)(a) Every teacher shall endeavor to hold every pupil to a strict accountability for any disorderly conduct in school or on the play grounds of the school, on the street or road while going to or returning from school, or during intermission or recess.
BESE Bulletin 741 Section 1.060.00 states the following concerning disciplinary regulations for students:
 Each local educational governing authority shall adopt such rules and regulations as it deems necessary to implement and control any disorderly conduct in the school or on the playground of the school, or the street or road while going to and from school, or during intermission and recess.
New Iberia Parish School Board rule H 3.5 tracks LSA-R.S. 17:416.
The responsibility of the School Board would not begin or end at the same time for all possible factual situations. Therefore, to determine whether a school board is responsible for the safety of a student, the facts and circumstances of each situation must be assessed. As the jurisprudence indicates there must be proof of negligence in failing to provide the required supervision and proof of a causal connection between the lack of supervision and the cause of the accident. Also, the risk of injury must be reasonably foreseeable, constructively or actually known, and preventable if the requisite degree of supervision had been exercised.
I hope this opinion sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
RPI/BCL/sc
b:98-140.op