331 So.2d 603 (1976)
Junius COLLINS
v.
Alvin WILSON et al.
No. 10671.
Court of Appeal of Louisiana, First Circuit.
April 12, 1976.
Rehearing Denied May 24, 1976.
Writ Refused July 1, 1976.
*604 Byron Magbee, Baton Rouge, for appellant.
Emile C. Rolfs, III, Baton Rouge, for Northern Assur. Co. of America.
Donald T. W. Phelps, Baton Rouge, for Alvin Wilson.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
ELLIS, Judge.
On September 4, 1974, Junius Collins and Wilbert Rogers were pupils in a class in brickmasonry being taught by Alvin O. Wilson at Capitol Senior High School in Baton Rouge. In the course of an altercation in the class, Rogers struck Collins in the head with a brick. This suit was filed by Junius Collins against Mr. Wilson and Northern Assurance Company of America, the liability insurer of the East Baton Rouge Parish School Board for damages arising out of the altercation. After trial on the merits, judgment was rendered dismissing plaintiff's suit, and he has appealed.
Plaintiff testified that a few days before the incident, he asked Mr. Wilson for permission to go to the principal to tell him that a number of students were "picking at him" in Mr. Wilson's class. He stated that Mr. Wilson refused him permission and told him that the class was under control. On the day of the incident, plaintiff testified that Rogers was verbally picking at him, and that Mr. Wilson had to reprimand Rogers.
Later, the class went from the classroom part of the room to the demonstration section, where Mr. Wilson was to show them how to build a corner. Plaintiff testified that Rogers hit him with a broom and raised a knot on his arm. He stated that Mr. Wilson did not see this occur, and plaintiff did not report the incident.
A few minutes later, during the demonstration, Rogers backed up into plaintiff and stepped on his foot. A fight broke out between them, which was immediately broken up by Mr. Wilson, who then returned to his demonstration. Plaintiff testified that Rogers threatened to "get" him at the time that the scuffle was broken up. Rogers then picked up a brick and came after plaintiff with it.
Plaintiff testified that he attempted to hide behind the other students, but that they scattered. He then went behind Mr. Wilson. Rogers continued his pursuit, despite Mr. Wilson's verbal order to stop, and plaintiff ran out of the classroom. Rogers caught him in the hall and struck him in the head with the brick, causing the injuries complained of. The fight was then broken up by Mr. Wilson and another professor.
*605 It is plaintiff's position that Mr. Wilson had adequate notice, and therefore should have known that Rogers was going to attack plaintiff again and that Mr. Wilson was negligent in failing to take any action to prevent the attack.
Mr. Wilson's testimony is at variance with that of plaintiff. He testified that plaintiff did not come to him a few days before the incident. He stated that Rogers was a new student and had only been in his class one or two days when the fight took place. He knew of no trouble between the boys until the first fight broke out.
Mr. Wilson stated that after he broke up the fight, he returned to the demonstration. At the trial, he had no recollection of having heard a threat made by Rogers at that time, although he may have told a school board investigator that Rogers threatened to "get" plaintiff. Very shortly after the demonstration was resumed, he saw plaintiff running out of the room, chased by Rogers, who was carrying a brick. Plaintiff did not attempt to hide behind him, and he was not close enough to Rogers to grab him. He stated that the classroom door was jammed by the other students, so that he had difficulty in getting to the scene of the fight. He pulled Rogers off as soon as he got there. Mr. Wilson's testimony is borne out by that of several eye-witness students who were called to testify.
The trial judge accepted Mr. Wilson's testimony, and found that he had no reason, after the first scuffle, to anticipate that there would be a further attack on plaintiff, and therefore no duty to guard against such an attack. Under the circumstances, he found no negligence on the part of Mr. Wilson and dismissed plaintiff's suit. We find no manifest error in his conclusion.
Another ground for liability urged is under Article 2320 of the Civil Code, which provides:
"Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
"Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence.
"In the above cases, responsibility only attaches, when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it."
It is argued that if the line of reasoning adopted by the Supreme Court in the recent cases of Holland v. Buckley, 305 So. 2d 113 (La.1974); Turner v. Bucher, 308 So.2d 270 (La.1975); and Loescher v. Parr, 324 So.2d 441 (La.1975) be followed, there would be a presumption of fault on the part of the teacher in the event of damage to a third party by a student under his supervision.
Such an interpretation would place the teacher in the same relationship to the student as the master occupies towards his servant and the parent to the child. We do not believe this to be a proper interpretation of Article 2320 in that respect. In any event, however, the record clearly reflects that Mr. Wilson could not have prevented the act which caused the damage under the circumstances of this case. We are of the opinion that he did everything in his power to prevent Rogers from striking plaintiff with a brick, but was unable to do so.
The judgment is therefore affirmed, at plaintiff's cost.
AFFIRMED.