KAYCEE BOUDREAUX, DEANNA BOUDREAUX, AND KEVIN BOUDREAUX
v.
ST. TAMMANY PARISH SCHOOL BOARD, WILLIAM PETERSON, KENDALL ABC, AND GEORGE MORGAN.
No. 2007 CA 0889.
Court of Appeal of Louisiana, First Circuit.
December 21, 2007.
NOT DESIGNATED FOR PUBLICATION.
MICHAEL A. BRITT, Counsel for Plaintiff/Appellants Kaycee Boudreaux, Deanna Boudreaux, and Kevin Boudreaux.
HARRY P. PASTUSZEK, Jr. DAVID S. PITTMAN, Counsel for Defendant/Appellees, St. Tammany Parish School Board, Dr. Peterson, and Kendall Harris.
GEORGE MORGAN, Defendant/Appellee, In Proper Person.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment of the 22nd Judicial District Court that granted a motion for summary judgment in favor of the St. Tammany Parish School Board, Dr. Michael Peterson, and Kendall Harris and against Kevin, Deanna, and Kaycee Boudreaux, dismissing their claims.

FACTUAL AND PROCEDURAL HISTORY
On October 7, 2002 Kaycee Boudreaux, a student of Northshore High School, was stabbed with a knife by George Morgan, a non-student. The stabbing occurred at the school during regular school hours and caused injury to Kaycee. On September 29, 2003 Kaycee and her parents filed suit as plaintiffs against the St. Tammany Parish School Board, Dr. Michael Peterson (the school principal), and Kendall Harris (a school employee), alleging negligence on the part of defendants. On August 29, 2006 these defendants filed a motion for summary judgment. The trial court granted the motion and dismissed the plaintiffs' claims against the school board and its employees.

LAW AND ANALYSIS
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends.[1] Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.[2]
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate.[3] In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor.[4]
A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate.[5]
Pursuant to LSA-C.C.P. art. 966(C)(2), the burden of proof remains with the movant. However, if the moving party will not bear the burden of proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. Moreover, as consistently noted in LSA-C.C.P. art. 967, the opposing party cannot rest on the mere allegations or denials of his pleadings, but must present evidence that will establish that material facts are still at issue.[6]
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.[7]
It has been established that a school board owes a duty of supervision of the students in its care. In the case of Wallmuth v. Rapides Parish School Board,[8] the Louisiana Supreme Court held that:
[a] school board, through its agents and teachers, owes a duty of reasonable supervision over students. The supervision required is reasonable, competent supervision appropriate to the age of the children and the attendant circumstances. This duty does not make the school board the insurer of the safety of the children. Constant supervision of all students is not possible nor required for educators to discharge their duty to provide adequate supervision. (citations omitted)
As such, the school board owed a duty of reasonable supervision over Kaycee. But "[b]efore liability can be imposed upon a school board there must be proof of negligence in providing supervision and, also, proof of a causal connection between the lack of supervision and the accident."[9] Furthermore, before a school board can be found to have breached the duty to adequately supervise the safety of students, the risk of unreasonable injury must be foreseeable, constructively or actually known, and preventable if a requisite degree of supervision had been exercised.[10]
In this case, the appellants contend that the trial court erred in granting the summary judgment because there exist genuine issues of material fact which must be determined at a trial on the merits. The issues appellants present for review are as follows:
1.) Whether there existed genuine issues of material fact, or issues of fact, which precluded the granting of a summary judgment.
2.) Whether the actions of the school employees in failing to make certain that George Morgan left the school premises after being denied a visitor pass created a genuine issue of material fact.
3.) Whether the failure of the school to have sufficient written policies or procedures to be taken by school employees when a person was denied access to the school created a genuine issue of material fact.
4.) Whether the failure of the school to have the door facing the outside of the school locked, and thereby rendering the classroom building accessible to any person entering the campus created a genuine issue of material fact.
When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment.[11] Here, there is no dispute that a duty of reasonable supervision of the students existed. Appellants allege that appellees were negligent in carrying out this duty.
After a review of the record, we conclude that there are no disputed facts in this case. It is undisputed that Mr. Morgan was not a student of Northshore High School on October 7, 2002. It is undisputed that Mr. Morgan walked into Northshore High School, requested a visitor's pass, was denied that pass, and became angry. Also undisputed is the fact that the school employees did not escort Mr. Morgan completely off of the premises, but rather watched him exit the building and walk to the school parking lot. However, Mr. Morgan re-entered the school building unobserved through a side door where he saw Kaycee and another student walking in the hallway. Kaycee and the student passed George Morgan uneventfully and went to the restroom. On their way back to class they saw Mr. Morgan again. He came up behind Kaycee, asked her if she was Kaycee Boudreaux, stabbed her in the arm, and walked away.
Regarding the relationship of Mr. Morgan and Kaycee, it is undisputed that the two never dated and were not friends. Mr. Morgan's deposition testimony reveals that the two attended the same school years before this incident, but that they only knew each other through friends. Mr. Morgan testified in his deposition that he recognized Kaycee Boudreaux that day and remembered that years earlier she had laughed about a guy kicking him in the head. But Mr. Morgan testified and it is undisputed that he did not go to the school that morning looking for Kaycee and in fact did not even know she attended Northshore. Because we have found that there does exist a duty of reasonable supervision of Kaycee and that there are no genuine issues of fact, we look to whether appellants carried their burden of proving negligence on the part of the school board.
Generally, proof of liability for negligence includes five elements:
1.) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element);
2.) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element);
3.) proof that the defendant's sub-standard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element);
4.) proof that the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and
5.) proof of actual damages (the damages element).[12]
The determination of legal cause is a purely legal question.[13] Legal cause can be evaluated on the basis of forseeability and ease of association.[14] The extent of protection owed a particular plaintiff is determined on a case-to-case basis to avoid making a defendant an insurer of all persons against all harms.[15]
In support of the motion for summary judgment, appellees have introduced uncontroverted affidavits from the two individuals who have served as principal of Northshore High School who affirmatively state that there have never, in the twenty-year history of the school, been any prior occurrences of a third party entering the school premises and committing a criminal act upon a student.[16] On the day of the attack, Kaycee had left her classroom with another student to go to the restroom. She had passed George Morgan in the hallway once. Even Kaycee did not foresee the attack.
Courts have consistently held that there is no liability for conduct that is "sudden" or "without warning."[17] The duty of the school board requires that it act reasonably in supervising the students in its care, taking into consideration the age of the students and the attendant circumstances.[18] In this case, appellants introduced no evidence that would tend to show that the school had any warning that Mr. Morgan would re-enter the school building and stab a student. To the contrary, the evidence establishes that the school board and/or its employees could not have foreseen the incident of October 7, 2002. The fact that Mr. Morgan became angry upon the denial of the requested pass does not make his later actions foreseeable.

CONCLUSION
We find no error in the granting of appellees' motion for summary judgment. We conclude that while the school does have a duty to protect its students, that duty does not encompass the unforeseeable and unprovoked actions of the defendant Morgan. Thus, appellants have not met their burden of proving legal causation. The judgment of the trial court is affirmed. All costs of this appeal are assessed to appellants, Kaycee Boudreax and her parents, Kevin and Deanna Boudreaux.
AFFIRMED.
NOTES
[1] LSA-C.C.P. art. 966(A)(2).
[2] LSA-C.C.P. art. 966(B).
[3] Allen v. State ex rel. Ernest N. MorialNew Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La. 4/9/03), 842 So.2d 373, 377; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La. 1991).
[4] Hines v. Garrett, XXXX-XXXX, p. 1 (La. 6/25/04), 876 So.2d 764, 765.
[5] Id. at 765-6.
[6] Cressionnie v. Intrepid, Inc., XXXX-XXXX, p. 3 (La. App. 1 Cir. 5/14/04), 879 So.2d 736, 738.
[7] Richard v. Hall, XXXX-XXXX, p. 5 (La. 4/23/04), 874 So.2d 131, 137; Dyess v. American National Property and Casualty Company, XXXX-XXXX, p. 4 (La. App. 1 Cir. 6/25/04), 886 So.2d 448, 451, writ denied, XXXX-XXXX (La. 10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., XXXX-XXXX at p. 3, 879 So.2d at 738-9.
[8] XXXX-XXXX (La. 4/3/02), 813 So.2d 341.
[9] Adams v. Caddo Parish School Bd., 25,370 (La. App. 2 Cir. 1/19/94), 631 So.2d 70, writ denied, 94,684 (La. 4/29/94), 637 So.2d 466.
[10] Henix v. George, 465 So.2d 906, 910 (La. App. 2 Cir. 1985).
[11] Boland v. West Feleciana Parish Police Jury, 03-1297 (La. App. 1 Cir. 6/25/04), 878 So.2d 808, 816, writ denied, 04-2286 (La. 11/24/04), 888 So.2d 231.
[12] McKee v. Wal-Mart Stores, Inc., 06-1672, p. 4 (La. App. 1 Cir. 6/8/07), 964 So.2d 1008, 1011, writ denied, XXXX-XXXX (La. 10/26/07), So.2d
[13] Id.
[14] Id.
[15] Id.
[16] Appellants submitted the affidavit of Kaycee Boudreaux which states that she was aware of lunch-time fights at Northshore, football game fights between Northshore students and students from other schools or non-students, various locker checks for drugs or weapons at Northshore, and one incident of a girl being hit by a piece of metal thrown by another student during a class period. We find, however, that this affidavit does not dispute the affidavits filed by appellants. As such, this affidavit does not create a genuine issue of material fact such that would preclude summary judgment.
[17] Wallmuth, 813 So.2d at 347, 348, citing, among others, Collins v. Wilson, 331 So.2d 603 (La. App. 1 Cir.), writ not considered, 334 So.2d 428 (La. 1976).
[18] Wallmuth, 813 So.2d at 346.