# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 15-308

THOMAS NEARHOOD

VERSUS

ANYTIME FITNESS—KINGSVILLE,
HAILEY WATERS, ANYTIME FITNESS, LLC,
PRECOR, INCORPORATED AND
THESE DEFENDANTS' LIABILITY INSURERS

**\*\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,664, DIVISION "B"
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

Cooks, J., dissents and assigns written reasons.

**AFFIRMED.**

**Ernie L. Vallery
525 Johnston Street
Alexandria, Louisiana 71301
(337) 442-6565
COUNSEL FOR PLAINTIFF/APPELLANT:
     Thomas Nearhood**

**Keely Y. Scott**
**Catherine S. Giering**
**Ashley C. Wimberly**
**Donohue, Patrick & Scott, PLLC**
**450 Laurel Street, Suite 1600**
**Post Office Box 1629**
**Baton Rouge, Louisiana 70821-1629**
**(225) 214-1908**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Fitness Partners of Pineville, LA**


**Andrew D. Weinstock**
**Duplass, Zwain, Bourgeois, Pfister & Weinstock**
**3838 North Causeway Boulevard**
**Three Lakeway Center, Suite 2900**
**Metairie, Louisiana  70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Precor Incorporated**

**GENOVESE, Judge.**

In this personal injury case, Plaintiff, Thomas Nearhood, appeals the judgment of the trial court granting summary judgment in favor of Fitness Partners of Pineville, LA[1] (Fitness Partners), one of the defendants in this litigation, finding that Mr. Nearhood failed to meet his burden of proof relative to duty. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2012, Mr. Nearhood was seriously injured[2] while exercising on a Precor Smith Squat Machine at Anytime Fitness[3] in Pineville, Louisiana. In an attempt to recover for the personal injuries he sustained, Mr. Nearhood filed suit against: Fitness Partners, the owner of Anytime Fitness; Precor Incorporated, the manufacturer of the Precor Smith Squat Machine; and, the liability insurers of both aforementioned defendants. Relative to his claims against Fitness Partners, Mr. Nearhood alleged that the Precor Smith Squat Machine was a "dangerous instrumentality" which Fitness Partners "negligently offered . . . for customer use" and that Fitness Partners was "negligent in failing to instruct properly the plaintiff and other members of the public in the proper use of the Precor Smith Squat [M]achine."

Fitness Partners filed a Motion for Summary Judgment contending that no duty was breached on the part of Fitness Partners, that there was no genuine issue of material fact, and that judgment was proper as a matter of law. The trial court granted the Motion for Summary Judgment and dismissed Mr. Nearhood's claims

---

[1]Incorrectly named in Mr. Nearhood's petition as Anytime Fitness—Kingsville.

[2]Mr. Nearhood alleges that he suffered nerve damage and sexual, bowel, and bladder problems.

[3]Anytime Fitness provides 24/7 gym access to members.

against Fitness Partners. In granting summary judgment in favor of Fitness Partners, the trial court gave oral reasons explaining its ruling as follows, in pertinent part:

> Under [La.Civ.Code art.] 2317.1, I do not believe that the machine contained a defect which . . . presented an unreasonable risk of harm to others.
>
> At the time of the incident, the fitness equipment was in proper working order, and there was nothing about the Smith machine that led plaintiff to believe that it was not working correctly. And if he did not think that it was not working correctly, then obviously Anytime Fitness would not know of the defect, would not have known of it.
>
> [Mr.] Nearhood's testimony shows that the reason the bar fell was because of his fault, that he was not paying close attention to the machine and attempted to exit the machine before properly clicking the weighted bar into place, and not because of a defect. He said in his testimony, "I thought I had clicked the bar because there was a lot of guys around, more than usual, making noise. And when you turn the hooks over, it will click. Well, . . . I heard a click, and I thought it was me. But it was one of them, obviously." "And it was on your shoulders when you let go?" "Yes." "And that's what drove you to the ground?" "Right."
>
> I also believe that based upon what I read in [*Thomas v. Sport City, Inc.*, 31,994 (La.App. 2 Cir. 6/16/99), 738 So.2d 1153], that he was a sophisticated user. And . . . Summary Judgment says, "The mover's burden does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out that there's an absence of factual support for . . . one or more elements essential to the adverse party's claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there is no genuine issue of material fact."
>
> I find that the Mover has pointed out that there is an absence of factual support for one or more elements . . . essential to the petitioner's claims. The adverse party, the petitioner, has failed to produce factual support sufficient to establish that he will be able to satisfy his burden of proof at trial. And, therefore, there's no genuine issue of material fact.
>
> Therefore, the Motion for Summary Judgment by Fitness Partners is granted, at the petitioner's costs.

Mr. Nearhood appeals.

## ASSIGNMENTS OF ERROR

In his appeal, Mr. Nearhood assigns the following assignments of error for our consideration:

> This Court for the following reasons should reverse the lower Court ruling that Fitness Partners owed Mr. Nearhood no duty to inform him about the safety stops—a primary safety feature of the Smith Squat machine:
>
> [The trial court] erred in finding that Fitness Partners established an absence of factual support disqualifying Plaintiff as a [*Thomas*] Court "sophisticated user[."]
>
> Further, the [trial court] erred in finding that Mr. Nearhood failed to establish sufficiently his ability to prove at trial his disqualification as a "sophisticated user[."]

## LAW AND DISCUSSION

The appropriate standard of review to be applied by an appellate court relative to a motion for summary judgment has been stated as follows:

> When an appellate court reviews a district court's judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Serv. & Specialty Co., Inc. v. Sonny Greer*, 06-1827, p. 4 (La.5/22/07), 958 So.2d 634, 638.
>
> A motion for summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966. "[I]f reasonable persons could only reach one conclusion, then there is no need for trial on that issue and summary judgment is appropriate." *Hines v. Garrett*, 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765-66 (*quoting Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A fact is "material" when "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Smith*, 639 So.2d at 751.

3

*Ravey v. Rockworks, LLC*, 12-1305, pp. 2-3 (La.App. 3 Cir. 4/10/13), 111 So.3d 1187, 1189-90.

The issues raised by Mr. Nearhood on appeal deal with duty and whether genuine issues of material fact exist relative thereto. Mr. Nearhood argues that Fitness Partners has not established it is entitled to summary judgment because it has not shown that he is a sophisticated user. He contends *Thomas*, 738 So.2d 1153, is not applicable.

> A sophisticated user is defined as one who is "familiar with the product," *Hines v. Remington Arms Co., Inc.*, 94-455, p. 10 (La.12/8/94), 648 So.2d 331, 337, or as one who "possesses more than a general knowledge of the product and how it is used." *Asbestos v. Bordelon, Inc.*, 96-525, p. 44 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 955. As a result of their familiarity with a product, sophisticated users are presumed to know the dangers presented by the product; hence, there is no duty to warn them. *Hines*, 648 So.2d 331.

*Bates v. E.D. Bullard Co.*, 11-187, p. 5 (La.App. 3 Cir. 10/5/11), 76 So.3d 111, 114.

> "Duty is a question of law. Simply put, the inquiry is whether the plaintiff has any law--statutory, jurisprudential, or arising from general principles of fault--to support his claim." *Faucheaux v. Terrebonne Consol. Government*, 615 So.2d 289, 292 (La.1993). The duty owed to an invitee "is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger." *Alexander v. Gen. Acc. Fire & Life Assur. Corp.*, 98 So.2d 730, 732 (La.App. 1 Cir.1957). "[M]embers of [gyms] are owed a duty of reasonable care to protect them from injury on the premises." *Thomas*[, 738 So.2d at 1157]. "This duty necessarily includes a general responsibility to ensure that their members know how to properly use gym equipment." *Id.*

*Ravey*, 111 So.3d at 1190.

The facts herein are not in dispute. Thus, we must determine whether or not the trial court was correct in its determination that Mr. Nearhood knew the dangers presented by the equipment on which he was exercising when he was injured. If

4

so, Fitness Partners had no duty to warn Mr. Nearhood, and Fitness Partners is entitled to judgment as a matter of law.

Fitness Partners asserts that Mr. Nearhood admitted in his deposition to voluntarily executing a "Membership Agreement" and an "Equipment and Facilities Polices" agreement, with an understanding of each agreement's terms and conditions, at the onset of his gym membership. According to Fitness Partners, the "Membership Agreement" contains a "Member Assumption of Risk and Release" provision. Relying upon *Thomas*, 738 So.2d 1153, Fitness Partners alleges that the evidence proves Mr. Nearhood qualifies as a sophisticated user of the squat machine; therefore, Mr. Nearhood cannot not satisfy the elements of his negligence claim—specifically, the element of duty—at trial. Fitness Partners contends that it was entitled to judgment as a matter of law.

Mr. Nearhood admits he began weight lifting in 2000, twelve years before the accident in question. He admits he used squat machines similar to the Precor Smith Squat Machine in 2009, three years before the accident in question. He also admits he began using the Precor Smith Squat Machine, on which he was injured, on a regular basis, at least three to four times a week, approximately nine months before the accident. Yet, Mr. Nearhood contests the trial court's reliance upon *Thomas*, 738 So.2d 1153, to designate him a sophisticated user. He argues:

> Whereas Thomas testified that he knew how to operate safely the Hack, Mr. Nearhood testified that he did not know how safely to use the Smith machine. In fact, of the function and operation of the Smith machine's safety stops, he testified that he knew nothing, that the gym never instructed him about deploying the stops, and that he had never knowingly seen any gym management, gym personnel, gym patron, or anyone else deploy a Smith machine's safety stops.

Based on our review of the record, we find Mr. Nearhood's assertions do not withstand either the second circuit's holding in *Thomas*, 738 So.2d 1153, nor this court's more recent pronouncement in *Ravey*, 111 So.3d 1187.

In *Thomas*, 738 So.2d 1153, the second circuit reversed the trial court and found the health club owner could not be liable for plaintiff's injuries, although the owner had neither instructed nor supervised the plaintiff in the use of the exercise equipment. The appellate court explained:

> It is uncontested that Sport City had not instructed or supervised plaintiff in the use of the hack squat machine. This normally would be a breach of duty by Sport City as this machine could easily cause injury if not properly used. Plaintiff, however, testified that he knew how to use the machine and did not feel it was necessary for him to be shown how to the use the hack squat machine. Plaintiff stated that he had seen others using the machine and that he was comfortable that he knew how to properly operate the equipment. He again conceded that the carriage would not have fallen had he properly latched the hook over the peg.
>
> Under the particular facts and circumstances of this case, we find that Sport City's failure to warn or instruct plaintiff in the proper use of the hack squat machine was not a cause of plaintiff's accident and injury. It was known or understood by plaintiff, a sophisticated user of the exercise machine, that the hook had to be completely over the peg to lock the carriage and prevent it from falling. Therefore, instruction or warning would have served no purpose. The trial court clearly erred in finding Sport City at fault.

*Id*. at 1158.

In *Ravey*, 111 So.3d 1187, this court upheld the trial court's dismissal of plaintiff's claim against an owner of a rock-climbing facility pursuant to summary judgment. This court reasoned:

> We note that rock climbing is a recreational activity that involves substantial risk. Many other recreational activities such as weight lifting and swimming also involve a substantial degree of risk. The risk associated with these and other physically-challenging sports are well recognized. The duty on the gym operator, when these types of sports are conducted, is that of providing a sound and secure environment for undertaking a clearly risky form of recreation and not

6

> that of removing every element of danger inherent in rock climbing, weight lifting, or swimming. The duty imposed on the gym is one of reasonable care under the circumstances.

*Id*. at 1192. Summary judgment was affirmed due to the "total absence of evidence" suggesting that "the duty of [the rock climbing facility] to provide training and supervision was not done reasonably under the circumstances." *Id*. at 1193. In this case, the evidence is similar.

Fitness Partners operates an unsupervised health facility which offers fitness training and fitness coaches to its members upon request. Mr. Nearhood accepted the terms of his membership and admits that he did not request additional services for fitness training or for a fitness coach. He described the accident as occurring when he attempted to exit the Precor Smith Squat Machine after hearing what he believed was the sound of his weights clicking back into their secured position. His testimony clearly demonstrates that he is familiar with how to properly secure the weights; however, this simply did not occur. Mr. Nearhood was mistaken, and, unfortunately, his injuries are the consequence of that mistake. The evidence clearly does not support Mr. Nearhood's allegations that his injuries are the result of Fitness Partners' failure to inform him about the equipment's safety stops.

Having conducted a de novo review, we find that there is no genuine issue of material fact relative to duty on the part of Fitness Partners. Fitness Partners, as the moving party, satisfied its burden of proving that there is an absence of factual support relative to duty, and, thus, Fitness Partners is entitled to summary judgment as a matter of law.

7

**DECREE**

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Fitness Partners. Costs of this appeal are assessed to Plaintiff/Appellant, Thomas Nearhood.

**AFFIRMED.**

.

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**15-308**

**THOMAS NEARHOOD**

**VERSUS**

**FITNESS PARTNERS OF PINEVILLE, ET AL.**

**COOKS, J., dissenting.**

I respectfully dissent from the majority's affirmance of the grant of summary judgment in this unfortunate situation. I find there are genuine issues of material fact which preclude summary judgment in this case.

Although on its face, it may appear the "sophisticated user" exception set forth in *Thomas* may apply in this case, I find there are factual differences in the present case that present a legitimate dispute as to whether Mr. Nearhood was a sophisticated user of the machine that caused the injury. It was established in *Thomas* that the operator of the machine in question "could *easily feel or see* the handles to determine whether the hook was fully engaged over the peg." It was also determined that Mr. Thomas "was an experienced and sophisticated user of the health club's equipment, including the hack squat machine (which the court in *Thomas* found he had used 'hundreds if not thousands of times')." Thus, it was unequivocally established Mr. Thomas was intimately familiar with the machine he was using when injured. The facts are not as clear in the present case.

Mr. Nearhood notes normal use of the Smith machine does not allow for the user to see the locking action of the hooks securing the weights. Apparently, the only way to know the weight is secured is to hear a clicking sound, which Mr.

Nearhood believed he did hear, but now realizes the sound was likely a nearby machine. Thus, there are additional "failsafe" devices on the machine to prevent the tragic accident that occurred. These additional devices are especially placed in the event a user does not properly secure the weight on the locking hook. However, Mr. Nearhood testified he was unaware of these safety measures. He stated "I didn't know they existed." I note the questioning of counsel for Fitness Partners acknowledges Mr. Nearhood was unfamiliar with the safety devices:

> Q. But you never asked about safety devices?

> A. Why would I? I had never seen them. I had never seen them used.

> Q. But you're a smart guy. You know that dangerous things sometimes have things that make it less dangerous. Why didn't you think to ask whether or not there were safety devices?

> A. If I would have seen somebody else using them, I might have. In fact, I probably would have.

> Q. But it never occurred to you to ask?

This exchange, in my view, clearly belies Fitness Partner's attempts to classify Mr. Nearhood as a sophisticated user. At a minimum, it certainly creates a question of fact that should have precluded summary judgment in this case. Therefore, I dissent and would reverse the grant of summary judgment and remand the case for further proceedings.