GENOVESE, Judge.
hln this personal injury case, Plaintiff, Thomas Nearhood, appeals the judgment of the trial court granting summary judgment in favor of Fitness Partners of Pine-ville, LA[1] (Fitness Partners), one of the defendants in this litigation, finding that Mr. Nearhood failed to meet his burden of proof relative to duty. For the following reasons, we affirm.
FACTUAL AND PROCEDURAL BACKGROUND
On October 22, 2012, Mr. Nearhood was seriously injured[2] while exercising on a Precor Smith Squat Machine at Anytime Fitness[3] in Pineville, Louisiana. In an attempt to recover for the personal inju- *625 ríes he sustained, Mr. Nearhood filed suit against: Fitness Partners, the owner of Anytime Fitness; Precor Incorporated, the manufacturer- of the Precor Smith Squat Machine; and, the liability insurers of both aforementioned defendants. Relative to his claims against Fitness Partners, Mr. Nearhood alleged that the Precor Smith Squat Machine was a “dangerous instrumentality” which Fitness Partners “negligently offered ... for customer use” and that Fitness Partners was “negligent in failing to instruct properly the plaintiff and other members of the public in the proper use of the Precor Smith Squat [M]achine.”.
Fitness Partners .filed a Motion for Summary Judgment contending that no duty was breached on the part of. Fitness Partners, that there was no genuine issue of material fact, and that judgment was proper as a matter of law. The trial court granted the Motion for Summary Judgment and dismissed Mr. Nearhood’s claims | i>against Fitness Partners. In granting summary judgment in favor of Fitness Partners, the trial court gave oral reasons explaining its ruling as follows, in pertinent part:
Under [La.Civ.Code art.] 2317.1, I do not believe that the machine contained a defect which ... presented an unreasonable risk of harm to others.
At the time of the incident, the fitness equipment was in proper working order, and there was nothing about the Smith machine that led plaintiff to believe that it was not working correctly. And if he did not think that it was not working correctly, then obviously Anytime Fitness would not know of the defect, would not have known of it.
[Mr.] Nearhood’s testimony shows that the reason the bar fell was because of his fault, that he was not paying close attention to the machine and attempted to exit the machine before properly clicking the weighted bar-into place, and not because of a defect. He said in his testimony, “I thought I had clicked the bar because there was a lot of guys around, more than-usual, making noise. And when you turn the. hooks over, it will click. Well, ... I heard a click, and I thought it was me. But it was one of •them, obviously.” “And it was on your shoulders when you let go?” “Yes.” “And that’s what drove you to the ground?” “Right.”
I also belieye that based upon what I read in [Thomas v. Sport City, Inc., 31,994 (La.App. 2 Cir. 6/16/99), 738 So.2d 1153], that he was a sophisticated user. And ... Summary Judgment says, “The mover’s burden does not require him to negate all essential elements of the adverse party’s claim, action or defense, but rather to point out that there’s an absence of factual support for ... one or more elements essential to the adverse party’s claim, action or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, there, is no genuine issue of material fact.”
I find that the Mover has pointed out that there is an absence of factual support for one or more elements ... essential to the petitioner’s claims. The adverse party, the petitioner, has failed to produce factual support sufficient to establish that he will be able to satisfy his burden of proof at trial. And, therefore, there’s no genuine issue of material fact.
Therefore, the Motion for Summary Judgment by Fitness Partners is granted; at the petitioner’s costs.
Mr. Nearhood appeals.
^ASSIGNMENTS OF ERROR
In his appeal, Mr. Nearhood assigns the following assignments of error for our consideration:
*626 This Court for the following reasons should reverse the lower Court ruling that Fitness Partners owed Mr. Near-hood no duty to inform him . about the safety stops- — a primary safety feature of the Smith Squat machine: ■ '■
[The trial court] erred in finding that Fitness Partners established’an absence of factual support disqualifying Plaintiff as a [Thomas ] Court “sophisticated user[.”]
Further, the [trial court], erred in finding that Mr. Nearhood failed to establish sufficiently his ability to prove at trial his disqualification as a “sophisticated user[.”] ,
LAW AND DISCUSSION _
The appropriate standard of review to be applied by an appellate court relative to a motion for summary judgment has been stated as follows:
When an appellate court reviews a district-court’s judgment on a motion for summary judgment, it applies the de novo standard of review, “using the same criteria that govern the ■ trial court’s consideration of whether’’summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law.” Supreme Serv. & Specialty Co., Inc. v. Sonny Greer, 06-1827, p. 4 (La.5/22/07), 958 So.2d 684, 638.
A motion for summary judgment shall be granted when “the pleadings, depositions, answers to interrogatories, and admission on, file, together with the .affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966. “[I]f reasonable persons could only reach one conclusion, then there is no need for trial on that issue and summary judgment is appropriate.” Hines v. Garrett, 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765-66 (quoting Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751). A fact is “material” when “its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Smith, 639 So.2d at 751.
Ravey v. Rockworks, LLC, 12-1305, pp. 2-3 (La.App. 8 Cir. 4/10/13), 111 So.3d 1187, 1189-90.
The issues raised by Mr. Near-hood on appeal deal with duty and whether genuine issues of material fact exist relative thereto. Mr. Nearhood argues that Fitness Partners has not established it is entitled to'summary judgment' because it has not shown that he is a Sophisticated user. He contends Thomas, 738 So.2d 1153, is not applicable.
A sophisticated user is defined as one who is “familiar with the product,” Hines v. Remington Arms Co., Inc., 94-455, p. 10 (La.12/8/94), 648 So.2d 331, 337, or as one who “possesses more than a general knowledge of the product and how it is used.” Asbestos v. Bordelon, Inc., 96-525, p. 44 (La.App. 4 Cir. 10/21/98), 726 So.2d 926, 955. As a result of their familiarity with a product, sophisticated users are presumed to know the dangers presented by the product; hence, there is no duty,to warn them. Hines, 648 So.2d 331.
Bates v. E.D. Bullard Co., 11-187, p. 5 (La.App. 3 Cir. 10/5/11), 76 So.3d 111, 114.
“Duty is a question of law. Simply put, the inquiry is whether the plaintiff has any law — statutory, jurisprudential, or arising from general principles of fault — to support his claim.” Faucheaux v. Terrebonne Consol. Government, 615 So.2d 289, 292 (La.1993).. The duty owed to an invitee “is that of rea *627 sonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger.” Alexander v. Gen. Acc. Fire & Life Assur. Corp., 96 So.2d 780, 732 (La.App. 1 Cir.1957). “Members of [gyms] are owed a duty of reasonable care to protect them from injury on the premises;” Thomas [, 788 So.2d at 1157]. “This duty necessarily includes a general responsibility to ensure that their members know how to properly use gym equipment.” Id.
Ravey, 111 So.3d at 1190.
The facts herein* are not in dispute. Thus, we must determine whether or not the trial court was correct in its determination that Mr. Nearhood knew the dangers presented by the equipment on which he was exercising when he was injured. If IrSQ, Fitness Partners had no duty to warn Mr. Nearhood, and Fitness Partners is entitled to judgment as a matter of law.
Fitness Partners asserts1 that Mr. Near-hood admitted in his deposition to voluntarily executing' a “Membership Agreement” and an “Equipment and Facilities Polices” agreement, with an understanding of each agreement’s terms and conditions, at the onset of his gym membership. According to Fitness Partners, the “Membership Agreement” contains a “Member Assumption of Risk and Release” provision. Relying upon Thomas, 738 So.2d 1153, Fitness Partners alleges that the evidence proves Mr. Nearhood qualifies as a sophisticated user of the squat machine; therefore, Mr. Nearhood cannot not satisfy the elements of his negligence claim — specifically, the element of duty — -at trial. Fitness Partners contends that it was entitled to judgment as a matter of law.
Mi\ Nearhood admits he began weight lifting in 2000, twelve years before the accident in question. He admits he used squat machines similar to the Preeor Smith Squat Machine in 2009, three years before the accident in question. He also admits he began using the Preeor Smith Squat. Machine, on which he was injured, on a regular .basis, at least three to four times a week, approximately nine months before the accident. Yet, Mr. Nearhood contests . the trial court’s reliance upon Thomas, 788 So.2d 1158, to designate him a sophisticated user. He argues:
Whereas Thomas testified that he knew how to operate safely the Hack, Mr. Nearhood testified that he did not know how- safely .to use the Smith machine. In fact, of-the function and operation of the Smith machine’s safety stops, he testified that he knew nothing, that the gym never instructed him-about deploying the stops, and that he had never knowingly seen any gym management, gym personnel, gym patron, or .anyone else deploy a Smith machine’s safety stops.
jjBased on our review of the record, we find Mr., .Nearhood’s assertions do not withstand either the second.circuit’s holding in Thomas, 738 So.2d 1153, nor . this court’s more recent pronouncement in Ravey, 111 So.3d 1187.
In Thomas, 738 So.2d 1153, the second circuit reversed the trial court and found the health club owner could not be liable for plaintiffs injuries, although the owner had neither instructed nor supervised the plaintiff in the use of the exercise equipment. The appellate court explained:
It is unbontested that Sport-City had not instructed , or supervised plaintiff in the use of the hack squat- machine. This normally would be a breach of duty by Sport City as this machine could easily cause injury if not properly used. Plaintiff, however, testified that he knew how to use the machine and did not feel it *628 was necessary for him to be shown how to the use the hack squat machine. Plaintiff stated that he had seen others using the machine and that he was comfortable that he knew how to properly operate the equipment. He again conceded that- the carriage would not have fallen had he properly latched the hook over the peg. '
Under the particular facts and circumstances of this case, we find that Sport City’s failure to warn or instruct plaintiff in the proper use of the hack squat machine was not' a cause of plaintiffs accident and injury. It was known or understood by plaintiff, a sophisticated user of the exercise machine, that the hook had to be completely over the peg to lock the carriage and prevent it from falling. Therefore, instruction or warning would have served no purpose. The trial court clearly erred in finding Sport City at fault.
Id. at 1158.
In Ravey, 111 So.3d 1187, this court upheld the trial court’s dismissal of plaintiffs claim against an owner of a rock-climbing facility pursuant to summary judgment. This court reasoned:
We note that rock climbing is a recreational activity that involves substantial risk. Many other recreational activities such as weight lifting and swimming also involve a substantial degree of risk. The risk associated with these and other physically-challenging sports are well recognized. The duty on the gym operator,' when these types of sports are conducted, is that of providing a sound and secure environment for undertaking a clearly risky form of recreation-and not | 7that of removing every element of danger-inherent in rock climbing, weight lifting, or swimming. The duty imposed on the gym is One of reasonable care under the circumstances.
Id at 1192. Summary judgment was affirmed due to'the “total absence of evidence” suggesting that “the duty of [the rock climbing facility] to provide training and supervision was not done reasonably under the circumstances.” Id. at 1193. In this case, the evidence is similar.
Fitness Partners operates an unsupervised health facility which offers fitness training and fitness coaches to its members upon request. Mr. Nearhood accepted the terms of his membership and admits that he did not request additional services for fitness training or for a fitness coach. He described the accident as occurring when he attempted to exit the Precor Smith Squat Machine after hearing what he believed was the sound of his weights clicking back into their secured position. His testimony clearly demonstrates that he is familiar with how to properly secure the weights; however, this simply did not occur. Mr. Nearhood was mistaken, and, unfortunately, his injuries are the consequence of that mistake. The evidence clearly does not support Mr. Nearhood’s allegations that his injuries are the result of Fitness Partners’ failure to inform him about the equipment’s safety stops.
Having conducted a de novo review, we find that there is no genuine issue of material fact relative to duty on the part of Fitness Partners. Fitness Partners, as the moving party, satisfied its burden of proving that there is an absence of factual support relative to duty, and, thus, Fitness Partners is entitled to summary judgment as a matter of law.
_J^DECREE
For the foregoing reasons, we affirm the trial court’s grant of summary judgment in favor of Fitness Partners. Costs of this *629 appeal are assessed to Plaintiff/Appellant, Thomas Nearhood. ' ¡
AFFIRMED.
COOKS, J., dissents and assigns written reasons. ■

. Incorrectly named in Mr. Nearhood’s petition as Anytime Fitness — Kingsville.

. Mr. Nearhood alleges that he suffered nerve damage and sexual, bowel, and bladder problems.

.Anytime Fitness provides 24/7 gym access to members.