NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-904

THOMAS NEARHOOD

VERSUS

FITNESS PARTNERS OF PINEVILLE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 248,664
HONORABLE THOMAS M. YEAGER, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and James T. Genovese, Judges.

AFFIRMED.

COOKS, J., dissents and assigns written reasons.

Ernie L. Vallery
525 Johnson Street
Alexandria, LA 71301
(318) 442-6565
COUNSEL FOR PLAINTIFF/APPELLANT:
    Thomas Nearhood

**Andrew D. Weinstock**
**Amenah M. Abdelfattah**
**Duplass, Zwain, Bourgeois, Pfister & Weinstock**
**3838 N. Causeway Boulevard, Suite 2900**
**Metairie, LA 70002**
**(504) 832-3700**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Precor Incorporated**

**PETERS, J.**

The plaintiff, Thomas Nearhood, appeals the trial court's grant of a summary judgment in favor of Precor Incorporated (Precor), one of the defendants in this litigation. For the following reasons, we affirm the trial court judgment.

**DISCUSSION OF THE RECORD**

On October 22, 2012, Mr. Nearhood sustained injuries while exercising at Anytime Fitness, a workout facility in Pineville, Louisiana. Exactly one year later, he filed suit against a number of defendants, including Precor, the manufacturer of the Precor Smith Squat Machine (hereinafter referred to as the "squat machine") upon which he was exercising when he sustained his injuries. The accident occurred at the end of Mr. Nearhood's use of the squat machine, when he failed to secure the weighted bar with the latching mechanism provided for that purpose. In his original petition, Mr. Nearhood described the operation of the squat machine and the particulars of his accident as follows:

> To use the machine, the plaintiff had to squat under a weighted bar. Thereafter, he straightened his legs, engaged the weighted bar with his shoulders lifting the weighted bar up and disengaged the latching mechanism. Thereafter, he operated the device by lowering and raising the weighted bar on his shoulders in a squat and thrust fashion. Upon completion of the set, the plaintiff attempted to secure the weighted bar with its latch. Believing he had done this properly and in attempting to exit the device, the weighted bar fell all the way to the floor forcing his back and neck toward his knees and feet.

Mr. Nearhood also asserted in his original petition that "[t]he squat machine did not contain adequate warnings and instructions reasonably designed or deployed to prevent injuries" such as his. In its January 3, 2013 answer to Mr. Nearhood's petition, Precor denied the allegations of fault on its part, and affirmatively asserted that the accident was caused solely by the negligence of Mr. Nearhood in failing to exercise reasonable care when using the squat machine. One of the specific assertions of Mr. Nearhood's failure to exercise reasonable care

was his "[f]ailure to heed and adhere to any and all warnings and instructions concerning safe operation" of the squat machine.

On February 23, 2015, Precor filed a motion for summary judgment asserting that Mr. Nearhood could not meet his burden of proof on his claims against it. The trial court heard argument on this motion on July 6, 2015, and rendered judgment finding that the squat machine was not unreasonably dangerous in its construction, composition, or design, and that any claim of inadequate warnings was overcome by Mr. Nearhood's status as a sophisticated user of the product.

The trial court executed a judgment granting Precor's motion for summary judgment and dismissing Mr. Nearhood's claims against it on July 13, 2015. Thereafter, Mr. Nearhood perfected this appeal, wherein he argues that the trial court judgment should be reversed because the trial court erred in finding that the squat machine was not defective with regard to the use of the latching mechanism; that Precor had a duty to warn Mr. Nearhood of this defect; and that there are genuine issues of material fact concerning the absence or presence of warning labels on the squat machine at the time of the accident.

**OPINION**

Louisiana Code of Civil Procedure Article 966 has been amended significantly over the past three years, and the rules applicable to summary judgment procedure depend on when a summary judgment might be filed and considered. In the matter before us, Precor filed its motion in February of 2015, and the trial court heard the matter in July of 2015. We will consider the summary

judgment based on the version of La.Code Civ.P. art. 966 in effect at the time of the hearing.[1]

Despite the recent amendments to La.Code Civ.P. art. 966, the appellate standard of review with regard to summary judgment decisions has remained the same. "Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755. Furthermore, nothing in the recent amendments changed the legislative assertion that summary judgment procedure is "favored" and is "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2).

Summary judgment, itself, shall be rendered "if the *pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits*, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2) (emphasis added).

Pertinent to this appeal is the question of who bears the burden of proof. Pursuant to La.Code Civ.P. art. 966(C)(2), the burden remains with the movant:

> However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

---

[1] Louisiana Code of Civil Procedure Article 966 had last been amended before the filing and hearings of these motions by 2014 La. Acts No. 187, § 1, effective August 1, 2014.

Mr. Nearhood's claim that Precor failed to post adequate warnings on the squat machine which caused his damages, is governed by the Louisiana Product Liability Act (LPLA), and more specifically, La.R.S. 9:2800.54(B)(3), which provides that "[a] product is unreasonably dangerous if and only if . . . [t]he product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57[.]"

Louisiana Revised Statutes 9:2800.57 reads as follows:

A. A product is unreasonably dangerous because an adequate warning about the product has not been provided if, at the time the product left its manufacturer's control, the product possessed a characteristic that may cause damage and the manufacturer failed to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

B. A manufacturer is not required to provide an adequate warning about his product when:

(1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or

(2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

C. A manufacturer of a product who, after the product has left his control, acquires knowledge of a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer, is liable for damage caused by his subsequent failure to use reasonable care to provide an adequate warning of such characteristic and its danger to users and handlers of the product.

Thus, under La.R.S. 9:2800.57(B), a manufacturer has a duty to warn ordinary users of dangers associated with their products, but has no duty to warn a user who "already knows or reasonably should be expected to know of the

characteristic of the product that may cause damage and the danger of such characteristic."[2]

Pursuant to La.Code Civ.P. art. 966(C)(2), Precor had the burden of establishing the "absence of factual support for one or more elements essential to" Mr. Nearhood's claim. To that end, Precor introduced excerpts from the deposition testimony of Mr. Nearhood, which established that Mr. Nearhood had begun weight lifting in 2000, and had used machines similar to the squat machine manufactured by Precor beginning in 2009, and that he was aware that similar squat machines were equipped with safety latches which needed to be engaged during weight lifting activities. In fact, Mr. Nearhood's testimony established that he heard what he thought was the clicking sound of the weights being returned to their secure positions, but that he later realized that the sound he heard was from a machine in close proximity to his workout. Mr. Nearhood had used the specific machine at question in this litigation for nine months before the accident, and had done so without incident.

The evidence on Mr. Nearhood's knowledge and familiarity with the squat machine giving rise to his injury was sufficient to shift the burden to him under La.Code Civ.P. art. 966(C)(2) "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof" as to this issue at trial. Mr. Nearhood presented no evidence to overcome his burden on this issue. Therefore, we find that the trial court did not err in granting Precor's motion for summary judgment and dismissing Mr. Nearhood's claims against it.

---

[2] In cases decided before the enactment of the LPLA in 1988, users as described in La.R.S. 9:2800.57(B)(2) were generally defined as "sophisticated users." *See Bates v. E.D. Bullard Co.*, 11-187 (La.App. 3 Cir. 10/5/11), 76 So.3d 111, and the cases cited therein.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment dismissing Thomas Nearhood's claims for damages against Precor Incorporated. We assess all costs of this appeal to Thomas Nearhood.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
**Uniform Rules—Courts of Appeal, Rule 2-16.3.**

THOMAS NEARHOOD

VERSUS

FITNESS PARTNERS OF PINEVILLE, ET AL.


**COOKS, J., dissenting.**

I respectfully dissent from the majority's affirmance of the grant of summary judgment in this unfortunate situation. As the majority noted, the trial court found any claim of inadequate warnings on the squat machine was overcome by Mr. Nearhood's status as a sophisticated user of the product. I find there are genuine issues of material fact on that issue which preclude summary judgment in this case.

Although on its face, it may appear the "sophisticated user" exception set forth in the jurisprudence may apply in this case, I find there are factual differences in the present case that present a legitimate dispute as to whether Mr. Nearhood was a sophisticated user of the machine that caused the injury. The jurisprudence has established a manufacturer has no duty to warn a user of the product if the user already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic. However, those cases have required a demonstration that the user was intimately familiar with the machine he was using when injured. See *Thomas v. Sport City, Inc.*, 31,994 (La.App. 2 Cir. 6/16/99), 738 So.2d 1153. Such facts are not clear in the present case.

As previously discussed in the companion case wherein Mr. Nearhood sued the health club, normal use of the Precor Smith Squat Machine does not allow for

the user to see the locking action of the hooks securing the weights.  Apparently, the only way to know the weight is secured is to hear a clicking sound, which Mr. Nearhood believed he did hear, but now realizes the sound was likely a nearby machine.  Thus, there are additional "failsafe" devices on the machine to prevent the tragic accident that occurred.  These additional devices are especially placed in the event a user does not properly secure the weight on the locking hook.  However, Mr. Nearhood testified he was unaware of these safety measures.  He stated "I didn't know they existed."  As I noted in my previous dissent in the companion case against the health club, *Nearhood v. Anytime Fitness-Kingsville*, 15-308, p. 2 of dissent  (La.App. 3 Cir. 11/4/15), 178 So.3d 623, 629, Mr. Nearhood testified as to his unfamiliarity with the safety devices:

> Q.  But you never asked about safety devices?
>
> A.  Why would I?  I had never seen them.  I had never seen them used.
>
> Q.  But you're a smart guy.  You know that dangerous things sometimes have things that make it less dangerous.  Why didn't you think to ask whether or not there were safety devices?
>
> A.  If I would have seen somebody else using them, I might have.  In fact, I probably would have.
>
> Q.  But it never occurred to you to ask?

This exchange belies any attempt to classify Mr. Nearhood as a sophisticated user.  At a minimum, it certainly creates a question of fact that should have precluded summary judgment in this case.  Therefore, I dissent and would reverse the grant of summary judgment and remand the case for further proceedings.